[Civ. No. 21843.   Second Dist., Div. One.   July 13, 1956.]

MILTON KIND, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

*Assigned by Chairman of Judicial Council.

Brumer & Hopson and John R. Hopson for Petitioner.

S. Ernest Roll, District Attorney, Jere J. Sullivan, Lewis Watnick and Fred N. Whichello, Deputy District Attorneys, for Respondent.

NOURSE (Paul), J. pro tem.*—Petitioner is charged by information filed by the district attorney of the county of Los Angeles with violation of section 653f of the Penal Code. His motion made pursuant to section 995 of the Penal Code to dismiss the information upon the grounds that the evidence before the committing magistrate was insufficient to prove the offense having been denied, he seeks a writ of prohibition from this court.

The information charges petitioner with willfully, unlawfully, and feloniously soliciting one M. E. Buckner to commit and join in the commission of the crime of robbery in violation of the provisions of section 653f of the Penal Code.

Section 653f reads in part as follows: ''Every person who solicits another . . . to commit or join in the commission of . . . robbery . . . is punishable by imprisonment in the county jail not longer than one year or in the state prison not longer than five years. . . . *Such offense must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances.*'' [Emphasis added.]

At the preliminary hearing the only evidence produced by the People was the testimony of Buckner. He testified in detail as to his solicitation by petitioner to commit an armed robbery in the place of business of petitioner's employer.

Petitioner does not question the sufficiency of Buckner's testimony to show all of the essential elements of the crime charged, nor does he contend that the evidence was insufficient to give reasonable cause to believe petitioner guilty thereof; but contends that inasmuch as no other witness was called and no evidence of corroborating circumstances connecting petitioner with the crime charged was produced by the People, the evidence received by the committing magistrate was insufficient to support the information.

---

*Assigned by Chairman of Judicial Council.

■ In order, however, that a person charged with a crime may be held to answer for it by a committing magistrate, it is not necessary that the commission of the offense be proved but only that the evidence, rationally viewed, be sufficient for it to appear that the offense charged has been committed, and that there is sufficient cause to believe that the defendant is guilty of that offense. Section 872, Penal Code, provides in part, "If, however, it *appears* from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof," the defendant must be held to answer. [Emphasis added.]

■ The People were not required to produce that quantum of evidence which section 653f requires be produced at the trial to prove the offense, but only sufficient evidence to give a rational appearance that the offense charged had been committed.

■ Without discussing sections 871 or 872 of the Penal Code, our Supreme Court has in two recent cases held that an indictment or information will not be set aside or a prosecution thereof prohibited if there is rational ground for the conclusion that an offense has been committed and that the accused is guilty of it. (*Calhoun* v. *Superior Court,* 46 Cal.2d 18, 28 [291 P.2d 474]; *Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].)

In *Bompensiero* v. *Superior Court, supra,* the Supreme Court said, "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscienciously entertain a strong suspicion of the guilt of the accused. (Citation.) An indictment will not be set aside or a prosecution thereon prohibited *if there is some rational ground for assuming the possibility that an offense has been committed* and the accused is guilty of it. (Citations.)" [Emphasis added.]

The verbs *to prove* and *to appear* are not synonymous. Under section 872 of the Penal Code the People need not demonstrate that the offense charged has been committed, but need only present evidence sufficient to make it seem reasonably probable that the crime has been committed; while at the trial of the action the People must establish beyond a reasonable doubt the commission of the crime and, in crimes such as that charged here, must produce the quantum of evidence required by the statute.

The situation here is no different from a proceeding before the committing magistrate where the People, to prove the

commission of the crime and the defendant's connection therewith, produce only the testimony of an accomplice. In such a case the evidence of the accomplice is insufficient to support a conviction. Yet it has been uniformly held that the testimony of an accomplice before the committing magistrate is sufficient to support an information based thereon. (*People* v. *McRae,* 31 Cal.2d 184 [187 P.2d 741]; *In re Schwitalla,* 36 Cal.App. 511 [172 P. 617].)

In the present case the testimony of Buckner was amply sufficient to show both the offense and probable cause to believe that petitioner had committed it. We must therefore deny the petition.

The writ of prohibition is denied and the restraining order heretofore issued is discharged.

White, P. J., and Fourt, J., concurred.