**UNITED STATES**

v.

**Clayton Vincent MEYERS.**

**No. 8538.**

United States District Court
S. D. West Virginia,
at Huntington.

Dec. 19, 1959.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for plaintiff.

James W. Gipson, Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

On May 5, 1959, defendant was convicted of transporting a stolen automobile in interstate commerce from Lexington, Kentucky, to Huntington, West Virginia, knowing it to have been stolen. In a jury trial, at which he was represented by competent counsel, he was found guilty as charged, and given a sentence of 34 months, which he is serving. He has made a motion to vacate sentence under Section 2255 of Title 28 U.S.C.A.

The grounds assigned are that the automobile transported was not stolen, error in instructions to the jury, and selecting the jury; and that the Court refused to sentence him until he signed a waiver of his right to appeal.

As to the latter assignment, the transcribed record shows that the defendant did not give up his right to appeal, and was not asked to do so. After the verdict of guilty was returned, the Court explained to defendant that he had five days in which to make a motion for a new trial, whereupon both the defendant and his lawyer stated in open court that defendant did not want to make a motion for a new trial, and asked the Court to proceed to enter judgment, and judgment was entered. Defendant was in jail and unable to furnish bond, and wanted to start serving his sentence as soon as possible.

The defendant is in effect seeking to retry the case on the facts and to raise questions of law which could have been raised by appeal. A motion under Section 2255 may not be used as a substitute for appeal. Birtch v. United States, 4 Cir., 164 F.2d 880, certiorari denied 333 U.S. 848, 68 S.Ct. 651, 92 L.Ed. 1130; Lucas v. United States, 4 Cir., 158 F.2d 865, 866; Barber v. United States, 4 Cir., 142 F.2d 805, 807; Ong v. United States, 4 Cir., 131 F.2d 175; Taylor v. United States, 4 Cir., 177 F.2d 194, 195; United States v. Casto, D.C. N.D.W.Va., 135 F.Supp. 833.

The motion to vacate sentence is denied.