[Crim. No. 7922.   Second Dist., Div. Two.   Oct. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERTO BARQUERA, JR., et al., Defendants and Appellants.

Elinor K. Chandler, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Appellants were convicted of selling heroin, and of conspiracy to sell heroin in violation of section 182 of the Penal Code. They have appealed from the judgment and order denying their motion for a new trial.

Appellant Alberto Barquera, Jr., was found guilty on counts 3 and 5 of selling heroin. Appellant Rigoberto Gomez was found guilty on count 2 of the same offense. Both appellants were convicted of the conspiracy charge, count 6.[1]

Appellants do not challenge the sufficiency of the evidence except as it relates to the sufficiency of the foundation to justify the admission into evidence of each of the exhibits. In sum, the record discloses that Narcotic Agent Cota testified that he made five purchases of heroin from appellants or their codefendants.

On cross-examination, Cota testified that he had made notes concerning the various transactions testified to by him. Defense counsel thereupon moved that all such notes and reports be made available to the defendants. The court ordered Cota to bring his notes into court the next morning. Upon the resumption of the trial the next day, the deputy district attorney delivered Cota's handwritten reports to defense counsel. These notes constituted "the entirety of everything [Cota had] written regarding this case." The court also ordered that all typewritten reports be produced. This was done. The magistrate had declined to require the production of these notes and memoranda at the time of the preliminary hearing.

Initially the defendants argue that "because of the denial of the right to discovery, appellants were not legally committed for trial by the magistrate, thus the trial court was without jurisdiction to proceed to trial and judgment." We find no merit in this contention. The information by which appellants were charged is not questioned; the fact that they were represented by counsel, personally arraigned and appeared before the court is not questioned; and the fact that the subject matter of the proceeding was properly within the jurisdiction of the superior court is also not questioned. The record establishes the regularity of the proceedings with respect to each of these matters. Therefore, the superior court had jurisdiction unless the magistrate disregarded substantial rights guaranteed to the defendants. (*People* v. *Elliot,* 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225].)

---

[1]Other defendants who are not parties to this appeal were found guilty of various counts.

In this case we augmented the record on appeal to include a copy of the reporter's transcript of the preliminary hearing. This transcript reveals that Cota testified in detail to each sale. ▪ In order that a person charged with a crime may be held to answer by a committing magistrate, it is only necessary that the evidence, rationally viewed, be sufficient for it to appear that the offense charged has been committed, and that there is probable cause to believe that the defendant is guilty of that offense. (*Kind* v. *Superior Court*, 143 Cal. App.2d 100, 102 [299 P.2d 414] ; *Calhoun* v. *Superior Court*, 46 Cal.2d 18, 29 [291 P.2d 474] ; *Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 183 [281 P.2d 250].) ▪ Cota's testimony was sufficient to justify the magistrate in holding the appellants to answer. ▪ The fact that the appellants were deprived of the use of Cota's notes (which were not used by the officer during his testimony at the preliminary hearing nor prior thereto to refresh his recollection) does not change this conclusion. ▪ A judgment of conviction will not be set aside because of a defect in the preliminary examination unless the defendants have been deprived of some substantial right. (*People* v. *Elliot, supra*, 54 Cal.2d 498, 503 ; *People* v. *Tarbox*, 115 Cal. 57, 60 [46 P. 896] ; *People* v. *Sehorn*, 116 Cal. 503, 505 [48 P. 495].) ▪ Cota's notes could serve no purpose other than that of impeachment. After having been furnished all of Cota's notes and memoranda at the trial, appellants offer no suggestion that had they had these notes and memoranda at the preliminary and used the material therein for cross-examination, the magistrate would not have been justified in holding them to answer. The material was obviously of little or no value—for with it available at the trial, appellants were nevertheless found guilty beyond a reasonable doubt. We cannot, therefore, say that they were deprived of any substantial right that resulted in prejudice to their case by not having Cota's notes and memoranda made available at the preliminary hearing. The statement of the Supreme Court in *Mitchell* v. *Superior Court*, 50 Cal.2d 827 [330 P.2d 48], at p. 830, is here apposite: "Since there was competent evidence to justify committing defendants and disclosure of the names of the informers [which had been refused at the preliminary] can be obtained at the trial, defendants were not prejudiced by the error or deprived of any substantial right."

▪ Appellants contend that the trial court prejudicially erred in receiving into evidence People's Exhibits 2 through 5 on the ground that no proper foundation had been laid.

They contend that there had been a substitution or tampering with the exhibits in question. This contention is based upon the testimony of the chemist Arnold that "I notice at this time that there are two vials within this envelope. There were not two vials at the time of the receipt of the envelope. Apparently the exhibit has been mixed up. There was only one vial at the time of receipt." But Arnold also testified that to the best of his recollection, Exhibit 1 had one plastic vial in it at the time of receipt and Exhibit 4 also had one plastic vial in it at the time of receipt by him. It is apparent therefore that the "mix-up" consisted merely in the misplacement of the plastic vial from the envelope of Exhibit 1 into the envelope of Exhibit 4. It should be noted that the People's proffered Exhibit 1 was not received in evidence. As to Exhibits 2 through 5, a chain of possession was clearly established. The chemist Arnold testified that when he received each envelope from Cota, it was sealed; that from each of the envelopes he removed a balloon which contained a powdery substance; that he analyzed the substance and determined that it was heroin; that he thereafter returned the powder to its individual package and resealed the envelope with his own sealing wax; and that the envelopes were from then on stored in a safe in room 105 of the California State Building. In addition, Cota identified each balloon and the handwritten notations that he had placed on each for the purpose of identifying them prior to their delivery to Arnold in the sealed envelopes.

The exhibits remained in the safe until the preliminary hearing when Arnold removed them therefrom and took them to division 32 of the municipal court for the hearing. At the conclusion of the first day of the preliminary hearing, the court clerk handed the envelopes back to Arnold for overnight custody. Arnold checked the contents of each envelope, determining that the exhibits were exactly as he had given them to the district attorney on the previous day. He then stored the exhibits in the safe over-night and returned them the next morning to division 32. At that time they were received into evidence and Arnold did not see them again until he testified in the court at the time of trial.

■  Where the People rely upon demonstrative evidence, they have the burden of showing that there was no substitution or tampering therewith. '[B]ut it has never been suggested by the cases . . . that this burden is an absolute one requiring the party to negative all possibility of tampering." (*People*

v. *Riser*, 47 Cal.2d 566, 580 [305 P.2d 1].) The evidence in this case reasonably established the continuous chain of custody from the date the contraband was received from appellants until its admission in evidence at the trial. If there was in this case the ''barest speculation that there was tampering, it is proper to admit the evidence and let what doubt remains go to its weight.'' (*People* v. *Riser, supra*, p. 581.)

Since it was established by the chemist's testimony that each exhibit did, in fact, contain heroin, which testimony was uncontradicted, any ''mix-up'' of the fungible powder itself could not have resulted in any prejudice to the appellants. The heroin, though it be mixed and mixed again with other heroin, would still remain heroin.

Affirmed as to each appellant.

Ashburn J., and Herndon, J., concurred.