Hunilda Balbas GARDINER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 64-L-3.

United States District Court
S. D. Texas,
Laredo Division.

May 7, 1964.

Joyce Cox, Houston, Tex., and Robert R. Slaughter and Allen G. Schwartz, New York City, for plaintiff.

Woodrow Seals, William A. Jackson and James R. Gough, Houston, Tex., for defendant.

CONNALLY, Chief Judge.

This is a proceeding under Section 2255 of Title 28 U.S.C.A.

■ The present motion is nothing more than an attempt to retry issues which were fully considered on the appeal (Gardiner v. United States, 5 Cir., 321 F.2d 159) and to point out that had different trial tactics and strategy been employed, there might have been a different result. The motion is without merit and is denied.

The record reflects that Robert Gardiner, husband of petitioner, was charged with conspiring to violate the narcotic laws. He was a resident of New York City, spending a substantial part of his time in Mexico. Evidence on the trial showed that he was a wholesale dealer who recruited others to transport large quantities of marihuana from Mexico to New York City for him. Three of his shipments of approximately 100 pounds each were disclosed in the evidence.

Before indictment, Gardiner had employed William Kleinman, Esq., of the New York Bar to represent him. After indictment, with Kleinman's help and advice he employed Bernard Golding, Esq. of the Houston Bar as his trial counsel. As the charges were pending in the Laredo Division, shortly before trial he employed Horace Hall III, Esq. of the Laredo Bar as local counsel.

Petitioner was indicted at a later date, and charged to be a member of the same conspiracy with her husband. For an additional fee, Golding undertook to represent petitioner as well. The cases were consolidated for trial, over the protest of petitioner, and were heard together at the September 1962 term. Following a trial to a jury, both defendants were convicted. Evidence of Robert's guilt was overwhelming. Evidence of the peti-

tioner's active participation was abundant.

Robert did not testify as a witness. Petitioner elected to do so. In short, her testimony was consistent with that of the Government witnesses, verified by much documentary evidence, in all respects except one. She and her husband made the same trips—were present at the same places—in company with the same persons, all as testified by a number of the Government witnesses. The only difference lay in the fact that petitioner completely and unequivocally denied that either she or her husband had any connection with marihuana, that it was handled, packaged, transported or discussed. Much additional testimony in complete contradiction of many phases of the Government's case was also offered on behalf of both defendants. The jury apparently felt—and I think with much justification—that considerable perjury was involved on the part of petitioner as well as other defense witnesses.

The complaint which petitioner makes here is that she was not adequately represented by counsel. It is contended that there was a conflict between her own interests and those of her husband and that the trial counsel (Golding, assisted by Hall) showed much zeal in protecting the rights of Robert, but none in protecting hers. It is contended that counsel did not consult with her as fully as with Robert; that having an opportunity to plead guilty to a lesser offense, she decided against it on advice of Robert and of counsel; that she elected to testify, while perhaps it would have been better had she not done so; or that it would have been better still if Robert had testified in her behalf.

■ The record does not support such claim of conflict; and under the circumstances shown here, the law should give such a contention short shrift. The question of a possible conflict of interest was called to the attention of the parties before trial, and counsel instructed to look into it. The parties were well able to employ separate counsel if there was considered to be any possible conflict.[1] Mr. Golding has been an active practitioner and member of the Bar of this Court for many years. He has participated in many criminal trials of major importance. Mr. Hall, of perhaps some ten years' experience at the Bar, likely tries as many cases before this Court in Laredo as any other single attorney. He is in all particulars both ethical and competent. Each of these attorneys was able to recognize a conflict of interest, and was cognizant of his duty to advise the Court if he felt there was the slightest suggestion of such.

Petitioner elected to make a joint defense with her husband. The contention was that both were innocent. This was supported by the sworn testimony of petitioner. There has not been a suggestion—until now—that she wished to shift the guilt to him alone. For until now the defense has been that there was no guilt.

■ I find as a fact that the attorneys representing petitioner and her husband were in no sense remiss in their obligation to her; that under the theory of the defense advanced, there was no conflict between the interests of petitioner and her husband; that both defendants had full opportunity to consult and advise with their counsel as to tactics and strategy; and followed the course which then seemed most advantageous to both clients.

This is but another case where, after the denial of certiorari following the original trial, a defendant (who is financially able) procures new counsel, and starts the long trek again through Section 2255 procedures, complaining that everything done by the original counsel was improper and in some way infringed the petitioner's rights; and where two defendants, fairly tried and convicted, thereafter feel that if one takes the full blame, the other should go free. These

1. Golding was paid a fee of $5,000 and Kleinman $4,000. Additional counsel represented petitioner and her husband on appeal.

are matters which come with better grace before trial.

The record shows that petitioner was fully represented by counsel of her own choice at all stages of the proceeding; that she received a fair trial, and was convicted by a jury, despite her own testimony, much of which I am convinced was palpably false. The minimum sentence provided by law was imposed.

The motion for this post-conviction relief is denied. The foregoing is adopted as Findings of Fact and Conclusions of Law.

