**Hunilda Balbas GARDINER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21654.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1965.

Robert R. Slaughter, New York City, Joyce Cox, Fountain, Cox & Gaines, Houston, Tex., Paskus, Gordon & Hyman, New York City, for appellant.

William A. Jackson, James R. Gough, Asst. U. S. Attys., Woodrow Seals, U. S. Atty., William B. Butler, Asst. U. S. Atty., Houston, Tex., for appellee United States of America.

Before BROWN and BELL, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

Hunilda Balbas Gardiner appeals from the denial by Judge Connally of the Southern District of Texas, after a plenary hearing under § 2255, of her motion to vacate sentence and for a new trial. At a joint trial she and her husband and others were convicted of conspiracy to violate the Narcotics Laws. The convictions of both were affirmed by this Court, Gardiner v. United States, 5 Cir., 1963, 321 F.2d 159, cert. denied, 375 U.S. 953, 84 S.Ct. 445, 11 L.Ed.2d 314, as was true of the convictions of several of their co-conspirators. Curtis v. United States, 5 Cir., 1961, 297 F.2d 639, cert. denied, 1962, 369 U.S. 838, 82 S.Ct. 867, 7 L.Ed. 2d 842; Meyers v. United States, 5 Cir., 1962, 310 F.2d 801.

Her complaint is that she was denied effective assistance of counsel in violation of the 6th Amendment in that the same lawyer defended both her and her husband in a situation where the best interests of each defendant presented irreconcilable conflicts. As instances of such conflict, she emphasizes that putting her on the stand when her testimony could only benefit her husband and harm her, attacking a Government witness' credibility when it could only help her husband and hurt her, and the decision not to accept the offer to her of a dismissal and a plea to a lesser offense subordinated her interests to those of her husband. But nothing in this record compels a holding that she was not adequately advised of her rights both as to independent counsel and the intrinsic merits of each of these tactical-strategic trial decisions. In proceedings before the trial, the Trial Judge inquired as to any possible conflict, and none was indicated by counsel. None was thereafter made to appear on the trial.

At the § 2255 hearing, Appellant presented only her own verified pleading plus the affidavits of her husband and his mother who paid the fees of the lawyer who defended them. Although the attorney was a resident of the District and obviously had direct knowledge of these critical matters, the trial counsel was not called to testify. Judge Connally repeatedly inquired whether further testimony was desired or to be offered. On this record of partisan statements free from cross examination, the Judge had ample basis for his conclusion that Petitioner had failed to demonstrate conflicts of interest meriting another trial, Gardiner v. United States, S.D.Texas, May 7, 1964, 237 F.Supp. 692.

Appellant argues that Judge Connally's misinterpretation of the nature of her complaint is revealed by his characterizing her motion as an effort to "retry" the case. While we agree with Appellant that her motion presents a new and substantial issue, this general state-

ment made in the opening paragraph of the opinion does not detract from the validity and correctness of his analysis and disposition of this issue of conflict.

Affirmed.