**Mike MURILLO, Appellant,**

**v.**

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8548.**

United States Court of Appeals
Tenth Circuit.

April 5, 1966.

Florenceruth J. Brown, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of New Mexico denying petitioner's application for a writ of habeas corpus. Petitioner is a state prisoner and was granted an evidentiary hearing at which he testified as follows: That for six days after his arrest he was interrogated from time to time by officials but gave no statement; that during such six-day period he was not allowed to retain or consult with an attorney; that thereafter he retained counsel, consulted with counsel, and upon advice of counsel entered a plea of guilty to the offense for which he is now serving.

Petitioner correctly contends that he was denied his constitutional right to counsel during the first six days after his arrest. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. However, the denial of a naked constitutional right does not invalidate all subsequent proceedings nor necessarily prevent an accused from acting voluntarily in such proceedings. See Thompson v. Cox, 10 Cir., 352 F.2d 488. There is nothing in this record to show error in the trial court's finding that petitioner's plea of guilty was voluntarily entered. Counsel's argument that the service of counsel six days earlier would have been a valuable investigative aid is subjective rationalization and doesn't prove a fact.

Affirmed.