Alberto Gonzales **BARQUERA, Jr.,**
**Appellant,**

v.

**PEOPLE OF the STATE OF CALIFORNIA et al., Appellees.**

**No. 21035.**

United States Court of Appeals
Ninth Circuit.

March 15, 1967.

Rehearing Denied April 14, 1967.

Alberto Gonzales Barquera, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Granucci, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before MADDEN, Judge of the United States Court of Claims, and MERRILL and DUNIWAY, Circuit Judges.

MADDEN, Judge.

The United States District Court for the Northern District of California denied Barquera's petition for a writ of habeas corpus, in which petition he sought release from his detention by the State of California in one of its penal institutions. The detention was pursuant to two convictions in a California state court. One of the convictions, on July 10, 1961, was on two counts charging the sale of heroin, and one count charging conspiracy to sell heroin. On that conviction he was sentenced to imprisonment for from five years to life. The other conviction, on July 11, 1961, was on a charge of possession of narcotics, on which conviction he was sentenced to imprisonment for from two to twenty years, the sentence to run concurrently with his sentence on the July 10 conviction.

Both of Barquera's California convictions were in trials before the judge,

without a jury. In each case he was represented by counsel at his preliminary hearing, trial, and sentencing. In each case he appealed, and was represented by counsel in his appeal. His conviction for the sale of heroin was affirmed by the California District Court of Appeal in People v. Barquera, (1962) 208 Cal. App.2d 104, 25 Cal.Rptr. 45, as was his conviction for possession of heroin in People v. Barquera, (1962) 207 Cal.App. 2d 725, 24 Cal.Rptr. 675. In 1964 he, without the assistance of counsel, filed an application to the Supreme Court of California for a writ of habeas corpus. That court, without opinion, denied the application.

In 1966 Barquera, without the assistance of counsel, filed the instant petition for a writ of habeas corpus in the United States district court. As we have stated, the petition was denied. He has appealed to this court in *pro. per.* and *in forma pauperis*.

■ The district court denied Barquera's petition without issuing an order to the respondents, the State of California and the Warden of San Quentin Prison, to show cause why the prisoner should not be released, and without holding a hearing. That court concluded, from what was apparent on the face of Barquera's petition, that his complaints of the violation of the Constitution in his conviction for the sale of heroin were without merit, and that it was unnecessary to consider his complaints with regard to his conviction for possession of heroin since, if his conviction for the sale was valid, he would not be entitled to release from detention even if his conviction for possession were invalid. The court was correct on the latter point. McNally v. Hill, (1934) 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, so holds.

■ We consider the petitioner's several contentions relating to his conviction for sale of narcotics. He says that statements were taken from him without his having been advised of his right to keep silent and his right to counsel, and these statements were used against him

at his trial. He cites Escobedo v. State of Illinois, (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. But the Supreme Court of the United States held, in Johnson v. State of New Jersey, (1966) 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, that Escobedo's requirements did not apply retrospectively to cases in which the trial had begun before June 22, 1964. Barquera's trial was in 1961.

■ The petitioner complains that the magistrate who conducted his preliminary hearing refused to grant discovery to him of notes which the under-cover agent who made the purchases from him had made, after the purchases, to record his memory of the transactions. The petitioner desired the notes for the purpose of cross-examination and possible impeachment of the agent at the preliminary hearing. Discovery was denied at that time and the petitioner was held for trial. But at the trial the notes were given to petitioner's counsel and he used them in cross-examining the agent. However, the petitioner was convicted, principally upon the testimony of this agent. We think that if the refusal of discovery at the preliminary hearing was error, it was harmless, since it was cured by the discovery granted at the trial, and resulted in no prejudice. Since the cross-examination, with the use of the notes, at the trial did not discredit the agent's testimony, it would be remarkable to conjecture that if the notes had been available at the preliminary hearing the cross-examination would have so completely demolished the agent's testimony that it would not have furnished even sufficient cause for holding the petitioner for trial.

The petitioner urges that the evidence of the agent was insufficient to sustain his conviction for the sale of and the conspiracy to sell heroin. We see no constitutional basis for this contention.

■ In Garner v. State of Louisiana, (1961) 368 U.S. 157, 163, 82 S.Ct. 248, 251, 7 L.Ed.2d 207, the Court said:

> * * * we hold that the convictions in these cases are so totally devoid of evidentiary support as to render them

unconstitutional under the Due Process Clause of the Fourteenth Amendment.

The Court then cited Thompson v. City of Louisville, (1960) 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, in which a similar decision was made. Garner and Thompson were cases in which the Court found that there was no evidence whatever to support the convictions. The decisions do not necessarily mean that nothing other than a complete absence of evidence would present a due process question. It is not necessary to consider whether, for example, a conviction based upon a mere scintilla of evidence, rather than a total absence of evidence, could withstand a claim of denial of due process. In the instant case, there was ample evidentiary support for the conviction. See Faust v. State of North Carolina, C.A.4, 1962, 307 F.2d 869, 870–871.

■ The petitioner contends that the heroin sold by him to the agent should not have been admitted in evidence at his trial because the heroin had been taken by the police from the balloons in which it had been delivered to the agent, and placed in vials. It had then been tested, and the vials were put in envelopes. By mischance, two of the vials had been placed in one envelope, and one envelope was empty. The trial court and the California District Court of Appeal had no difficulty in concluding that the chain of possession of the exhibits was adequately proved. The petitioner urges that the state was subject to the burden of proving that there was no opportunity to tamper with the evidence. We are aware of no such doctrine, as a rule of constitutional law, of "fundamental fairness."

■ The petitioner contends that his counsel was ineffective. The United States District Court held that this contention had not been presented to the courts of California, and that it could not be presented in the federal court because of failure to exhaust state remedies. See 28 U.S.Code § 2254. The district court was in error in this regard. The petitioner did, in his unsuccessful application to the Supreme Court of California for a writ of habeas corpus, assert the ineffectiveness of his counsel in his state court proceedings. But the district court was correct in concluding that Barquera's petition to it presented no constitutional issue as to the effectiveness of counsel. The petition says that "the defense available to petitioner was never further explored," but does not say what that defense was. It says that counsel did not cite any authorities on appeal but does not state what authorities could have been usefully cited. It says that counsel did not send petitioner "all transcript and record" in response to a letter petitioner wrote in contemplation of his petition for habeas corpus, but does not suggest wherein the petitioner suffered any prejudice by reason of not having all transcript and record, or any designated part thereof.

We apply the doctrine of McNally v. Hill, supra, as the district court did, and do not consider the petitioner's constitutional contentions with regard to his conviction for possession of heroin.

The district court was right in denying the petition for habeas corpus and its judgment is affirmed.