429 P.2d 363

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Joe SELGADO, Defendant-Appellant.**
**No. 8219.**

Supreme Court of New Mexico.
June 26, 1967.

David L. Norvell, Clovis, for appellant.
Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Joe Selgado was convicted of aggravated battery, and sentenced to serve a term of not less than two nor more than ten years in the penitentiary. An appeal from conviction and sentence of the trial court was affirmed by this court in State v. Selgado, 76 N.M. 187, 413 P.2d 469. He next attacked the judgment by petition pursuant to Rule 93, and has appealed from an order of the trial court denying the post-conviction relief sought.

The six contentions urged by the petitioner all raise points that could and should have been raised at trial. A petitioner is not entitled upon a motion to vacate a sentence to have his case retried on the facts, and only rarely may he raise questions of law which could have been raised by appeal. United States v. Meyers, 179 F. Supp. 289 (S.D.W.Va.1959); United States v. De Fillo, 182 F.Supp. 782 (S.D.N.Y.1959), aff'd 2 Cir., 277 F.2d 162.

The petitioner's first point challenges the sufficiency of the criminal information in failing to allege the date of the commission of the offense. This contention is without merit. An indictment or information is not required to allege the time of the offense. Section 41–6–11, N.M.S.A. 1953. If the time of the offense is material to the defense, it can be secured by bill of particulars. See, § 41–6–8, N.M. S.A. 1953. A defendant is protected by the right to request a bill of particulars, State v. Roessler, 58 N.M. 102, 266 P.2d 351, and a failure to request a bill of particulars amounts to a waiver of defects in the information. State v. Romero, 69 N.M. 187, 365 P.2d 58; State v. Lott, 73 N.M. 280, 387 P.2d 855.

The petitioner is not entitled to post-conviction relief on the grounds that the result might have been different if different trial tactics and strategy had been employed. Gardiner v. United States, 237 F.Supp. 692 (S.D.Tex.1964), aff'd 5 Cir., 341 F.2d 896. Here, the petitioner agrees

that he discussed a change of venue with his attorney because of certain publicity, and that after consideration, his counsel decided against seeking the change. He cannot now complain of that decision. Nor is there merit in his contention that he was denied the right to produce witnesses in his behalf. His attorney, exercising trained judgment, did not call the two witnesses about which the petitioner now complains. Generally, an attorney of record has the exclusive power and control with respect to procedural and remedial matters over the litigation with which he is charged. State ex rel. Eden v. Dist. Court, 109 Mont. 263, 95 P.2d 447; People v. Merkouris, 46 Cal.2d 540, 297 P.2d 999. Our review of the petitioner's prior direct appeal to this court makes it apparent that he was ably and efficiently represented by his then appointed counsel.

Because no testimony respecting petitioner's intoxication was offered at the trial, the denial by police officers of a blood alcohol test was clearly not prejudicial.

 Section 41-3-3, N.M.S.A. 1953, requiring the magistrate "to examine the case" and § 41-3-8, N.M.S.A. 1953, requiring that the magistrate "examine the complainant and any witnesses who may be introduced by him" are directory only as to the quantity of the evidence and do not require an examination of all the witnesses for the state. At a preliminary examination, the state is only required to produce evidence sufficient to establish reasonable ground for the magistrate's exercise of judgment; it is not required at that hearing to produce all of its evidence. Henderson v. Maxwell, 176 Ohio St. 187, 198 N.E.2d 456; People v. Barquera, 208 Cal.App.2d 104, 25 Cal.Rptr. 45; State ex rel. Briel v. Spieker, 271 Wis. 237, 72 N.W.2d 906. Thus, the prosecution's failure to produce the complaining witness at the preliminary hearing violated no constitutional guarantee and does not entitle the petitioner to relief in a post-conviction proceeding.

 Failure of the police to advise the petitioner of his right to counsel or of his right to remain silent prior to their interrogation of him has not been shown to have prejudiced him at the trial. No statement was in fact made nor was any testimony offered at the trial concerning any statement asserted to have been made by him. There is nothing which leads us to believe the officers may have obtained evidence of any nature as a result of petitioner's statements. Here, we need only comment that the denial of a naked constitutional right does not invalidate all subsequent proceedings. Murillo v. Cox, 360 F.2d 29 (10th Cir. 1966).

We have recently commented on the duties of appointed counsel in Rule 93 proceedings. State v. Franklin, No. 8330, 78 N.M. 127, 428 P.2d 982, wherein attention was called to the requirement by the United States Supreme Court in Anders v. State of California, 87 S.Ct. 1396, 18 L.Ed.2d 493, that counsel be an advocate rather than amicus curiae. Appointed counsel in this case presented each contention requested by the prisoner, and supported the prisoner's contentions to the best of his ability referring to those matters which he considered might arguably support the appeal. Even though it is apparent that counsel found little to argue, his contentions were presented in a diligent and conscientious manner.

The judgment is affirmed. It is so ordered.

CHAVEZ, C. J., and WOOD, J., Court of Appeals, concur.