Vernon George **CHRISTIAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9873.

United States Court of Appeals
Tenth Circuit.

July 25, 1968.

Stan P. Doyle, Tulsa, Okla., for the appellant.

Hubert H. Bryant, Asst. U. S. Atty., (Lawrence A. McSoud, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., with him on the brief) for the appellee.

Before MURRAH, Chief Judge, BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

Following a trial to the court the appellant was found guilty of violating 18 U.S.C. § 2312 (Dyer Act) and received a two year sentence. His appeal from

that judgment and sentence concerns the interpretation and implementation of subsection (e) of the Criminal Justice Act of 1964 which provides for the appointment and payment of experts and investigators to assist defense counsel.[1] This provision has been infrequently utilized,[2] and, so far as we can find, has not been subjected to judicial interpretation.

Appellant was arrested on July 10, 1967. Counsel was immediately appointed and interviewed the appellant. On July 20, 1967, counsel filed motions for a mental examination, a bill of particulars and authorization for the appointment of an investigator pursuant to 18 U.S.C. § 3006A(e). In support of his motion for the authorization of an investigator, counsel alleged that the defendant was being held in Tulsa County Jail and was unable to investigate the facts relating to the charges pending against him. Counsel urged that an investigation should be made immediately to locate and preserve facts for presentation to the court upon trial of the cause. The court granted the motion for a bill of particulars and ordered the defendant be sent to the Medical Center for Federal Prisoners at Springfield, Missouri, to undergo a complete mental examination. The court denied the motion for appointment of an investigator pending determination of the appellant's mental capacity to stand trial.

Following his return from Springfield where he had been found capable to assist counsel in his defense, Christian appeared before the trial court and, on September 26, 1967, entered a plea of not guilty. Counsel made a second request for the authorization of an investigator and the motion was granted at that time. Appellant urges this court to set aside his conviction and sentence on the sole ground that the trial court erred in denying the July 20 motion for authorization of an investigator to assist appointed counsel.

The purpose of the Criminal Justice Act of 1964, as proclaimed in its preamble is "To promote the cause of criminal justice by providing for the representation of defendants who are financially unable to obtain an adequate defense in criminal cases in the courts of the United States." In support of the proposed legislation Attorney General Kennedy emphasized that "justice is not done when poverty prevents a person from securing effective legal representa-

1. "Services other than counsel.—Counsel for a defendant who is financially unable to obtain investigative, expert or other services necessary to an adequate defense in his case may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the services on behalf of the defendant. The court may, in the interests of justice, and upon a finding that timely procurement of necessary services could not await prior authorization, ratify such services after they have been obtained. The court shall determine reasonable compensation for the services and direct payment to the organization or person who rendered them upon the filing of a claim for compensation supported by an affidavit specifying the time expended, services rendered, and expenses incurred on behalf of the defendant, and the compensation received by him to a defendant under this subsection, or to be paid to an organization for such services rendered by an employee thereof, shall not exceed $300, exclusive of reimbursement for expenses reasonably incurred." 18 U.S.C. § 3006A(e).

2. Although criminal defendants who are financially unable to obtain such services may request assistance at government expense regardless of whether they are represented by retained or appointed counsel, there has been *astonishingly little* use of subsection (e) services. Through September 30, 1967, only 540 requests for reimbursement under subsection (e) were received by the Administrative Offices of the United States Courts. This represents about 1% of the cases in which counsel was appointed under the Criminal Justice Act. Only ten or twelve requests for investigative services were made by retained counsel. During this period $88,000, was spent for subsection (e) services. Oaks, The Criminal Justice Act in the Federal District Courts, VIII-20 through 68.

tion for his defense against a criminal prosecution which places his personal liberty, or even his life, in jeopardy. This legislation is designed to bring the scales of justice into balance in such cases."[3]

 While every criminal defendant who is financially unable to obtain counsel is entitled to the appointment of counsel at government expense, not every similarly situated defendant is entitled to appointment of an investigator or for other expert services. The commissioner or court, before appointing counsel, need only be satisfied "that the defendant is financially unable to obtain counsel,"[4] but the court, before authorizing subsection (e) services, must also find "after appropriate inquiry in an ex parte proceeding that the services *are necessary* * * *."[5]

 When counsel requests court authority for the employment of an investigator or experts, he should point out with specificity the reasons such services are necessary. Although .counsel has the primary responsibility to determine if subsection (e) services will be necessary,[6] the proper and effective administration of the Act requires the trial judge to satisfy himself that such services are necessary and to articulate the reasons therefore.

 Where the defendant satisfactorily establishes the need for subsection (e) services the district court has a *duty* to authorize such services for the proper preparation of defendant's case.[7] This duty can only be discharged by the authorization of subsection (e) services at such a time and under such circumstances which insure the giving of effective aid in the preparation and trial of a case and obviate the likelihood of prejudice from delay which could prevent a fair trial.[8] Cf. Powell v. State of Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

In this case, the district judge authorized the employment of an investigator after the defendant returned from Springfield. Since the propriety of the authorization is not challenged, we will assume that the trial judge was satisfied that the services were *necessary*. The narrow question before us then is whether the trial court erred in refusing to authorize employment of an investigator prior to completion of the mental examination.

 Where, as here, the charges are relatively uncomplicated and the delay is not unduly extended,[9] prejudice will not be presumed. If prejudice has in fact occurred, the appellant must so establish by clear and convincing evidence. Appellant made no allegation that witnesses became unavailable or evidence lost. His assertion that the prompt authorization for the employment of an investigator was necessary for the location and preservation of evidence is "subjective rationalization and doesn't probe a fact."[10] The trial court's decision to

---

3. 1964 U.S.Code Cong. & Adm.News, p. 2996.

4. 18 U.S.C. § 3006A(b).

5. 18 U.S.C. § 3006A(e) emphasis added.

6. Some of the problems which may arise when counsel attempts to act as his own investigator are described in People v. Kennedy, 20 N.Y.2d 912, 286 N.Y.S.2d 32, 233 N.E.2d 126 (1968) and Fish v. Commonwealth, Va., 160 S.E.2d 576 (1968).

7. It may be that in certain circumstances the Sixth Amendment right to effective counsel requires that investigative and expert services be made available to defendants unable to provide for such services. People v. Watson, 36 Ill.2d 228, 221 N.E.2d 645, 222 N.E.2d 801 (1966).

8. Under circumstances far different than those in the instant case, the late authorization of subsection (e) services, like the late appointment of counsel, may be *inherently prejudicial* to a defendant's rights in the absence of a *strong showing* by the government that no prejudice actually occurred. Cf. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir. 1968).

9. The delay in authorization was slightly over two months and occasioned by appellant's mental examination at Springfield.

10. Murillo v. Cox, 360 F.2d 29 (10th Cir. 1966).

delay authorization of investigative assistance until the mental examination had been completed does not, in the absence of a showing of prejudice, constitute reversible error.

Affirmed.