Ronnie **DISHEROON**, Appellant,

v.

**The STATE of Oklahoma**, Appellee.

No. PC–73–160.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1973.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Bryan County, Case No. CRF–72–128, appellant, Ronnie Disheroon, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Unlawful Delivery of a Controlled Dangerous Substance, Phencyclidine (PCP). His punishment was fixed at ten (10) years imprisonment. From that judgment and sentence, defendant attempted an appeal to this Court in Case No. F–73–104, which was dismissed for jurisdictionally fatal defect. Thereafter, defendant filed his application for post-conviction relief in the District Court of Bryan County. From the District Court's order denying post-conviction relief, defendant has perfected a timely appeal to this Court.

At the trial, the testimony of Cary Thurman and Jack Wilkerson, acting undercover agents for the Oklahoma State Bureau of Investigation, revealed that at approximately 5:30 p. m., October 7, 1972, Wilkerson and Thurman met co-defendant James Davis at the 109 Club located in Durant, Oklahoma. After a conversation in which Davis informed Thurman and Wilkerson he could obtain a quantity of "THC" for them and that he would sell it to them, Davis, Wilkerson and Thurman drove to a residence located in Durant at the rear of 721 South Ninth Street. Upon arrival, Davis walked to the residence. Davis was met at the door by defendant. After a short discussion between Davis and defendant at the door of the residence, Davis walked back to the vehicle in which the officers were located. Davis asked the pair if they would be interested in a purchase of THC. They replied in the affirmative and Davis returned to the area where Disheroon was standing. Disheroon walked to the side of a nearby residence and obtained a container and delivered it to Davis. Davis and Disheroon walked to the vehicle and Davis delivered five (5) capsules, requesting two dollars and fifty cents ($2.50) per capsule as the purchase price. In exchange for the capsules, State's Exhibit 1, Thurman delivered twelve dollars and fifty cents ($12.50) to Davis. Thurman stated he observed Davis deliver the money to Disheroon. Later that evening, Thurman testified that in the presence of Wilkerson he delivered State's Exhibit 1 to Ed Loffi.

Ed Loffi, of the Oklahoma Bureau of Investigation, testified that on the above date he surveilled Wilkerson, Thurman and Davis in the above matter. Loffi further stated later that evening he received State's Exhibit 1 and sealed it in an Oklahoma State Bureau of Investigation evidence envelope and delivered the envelope to the Oklahoma State Bureau of Investigation chemist.

John McAuliff testified he was the Oklahoma State Bureau of Investigation chemist and his test revealed State's Exhibit 1 contained a substance identified as

phencyclidine, a tranquilizer used in veterinary medicine.

Thereafter, the State rested.

The defense rested without the presentation of evidence.

■ Defense counsel asserts in his first proposition of error that the evidence is insufficient to prove the necessary intent to deliver a controlled dangerous substance. In his second proposition, it is submitted defendant was entrapped into the commission of the offense. These two assignments of error are interrelated as the defense for entrapment is generally an affirmative assertion by defendant the intent to commit the act originated with a government officer. McCart v. State, Okl.Cr., 435 P.2d 419 (1967). Generally stated, entrapment can exist only as a matter of law upon undisputed facts sufficient to establish the defense. Riddle v. State, Okl.Cr., 373 P.2d 832 (1962). Defense counsel did not designate the instructions given at the trial. We do observe, however, from arguments that the jury was instructed on the defense of entrapment. In the instant case, entrapment could not be decided as a question of law upon sufficient undisputed facts as the defense did not present evidence on this question. The only evidence presented regarding this defense was raised by defense counsel on cross-examination of State's witnesses. A careful study of both direct and cross-examination of State's witnesses does not reveal uncontroverted evidence of entrapment. Quite to the contrary, the evidence regarding the defense of entrapment is controverted and the question was properly submitted to the jury for its determination. Kissick v. State, Okl.Cr., 504 P.2d 889 (1972). As we have repeatedly held, we will not invade the jury's province on the jury's resolution of a conflict in the evidence. Williams v. State, Okl.Cr., 473 P.2d 248 (1970). We therefore find this proposition to be without merit.

■ Defense counsel submits in his next proposition that five members of the jury on the day before defendant's trial commenced unanimously rendered a conviction for a violation of the Controlled Dangerous Substances Act. Defense counsel asserts these five members deciding and rendering such a conviction on the day prior to defendant's trial is per se evidence of prejudice of those five members of the jury. With counsel's contention we cannot agree. We have carefully studied those sections of the voir dire examination which are included in the record and relate to the voir dire of those jurors counsel asserts were prejudiced. The record of counsel's examination of those jurors is wholly insufficient to support excusing those jurors for cause. Since the record does not support counsel's assignment of prejudice, we find this proposition to be without merit without further elaborating upon it in detail.

■ Counsel further asserts chain of custody in the handling of the contraband was not properly established as there is a conflict in the evidence between the evidence at preliminary hearing and the evidence at trial regarding whether it was Agent Wilkerson or Agent Thurman who delivered the contraband to Agent Loffi, the agent who ultimately delivered the contraband to the Oklahoma State Bureau of Investigation. We note that this conflict was presented to the jury by defense counsel in his cross-examination. We further note that both Agent Thurman and Agent Wilkerson remained in each others presence from the time the contraband was delivered to them by defendant and their delivery of the contraband to Agent Loffi. Although there is some conflict in the evidence as to who actually made the delivery, the chain of custody is virtually unbroken as both of the above agents remained in each others presence from the time the contraband was taken into custody until it was delivered to Agent Loffi.

■ In Trantham v. State, Okl.Cr., 508 P.2d 1104 (1973), this Court adopted the language of Wagner v. Osborn, 225 Cal.

App.2d 36, 37 Cal.Rptr. 27 (1964) which states as follows:

"It is true that the party offering demonstrative evidence must show to the satisfaction of the trial court that in reasonable certainty there had been no alteration of or tampering with the exhibit. (People v. Riser, 47 Cal.2d 566, 305 P.2d 1.) This burden, however, is not so absolute that all possibility of alteration must be negated. Even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight. (People v. Riser, supra; see also People v. Lugo, 203 Cal.App.2d 772, 21 Cal.Rptr. 871; People v. Barquera, 208 Cal.App.2d 104, 25 Cal. Rptr. 45.) Although in the case at bench all persons who handled the envelope containing the specimen were not called as witnesses, the chain of possession was nevertheless substantially established, and the proof adequate to sustain the foundation for admissibility."

It is this Court's opinion that the above circumstance involves a situation in which the question more properly refers to the weight to be given the evidence by the jury rather than its admissibility. For this reason we find defense counsel's proposition to be without merit as there has not been a significant break in the chain of custody which would render this evidence inadmissible.

■■ Defense counsel next contends he was prejudiced by adverse pretrial publicity. Further, counsel submits the trial court erred in allowing the State to read a portion of the testimony received at the preliminary hearing as the State did not establish they had used due diligence in attempting to present this witness for trial. We note counsel did not submit authority in support of these contentions. This Court has repeatedly held we will not search the books for authorities to support defendant's arguments on appeal. Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969). Since counsel did not support these conten-

tions with authority, we deem them to be without merit. The matter in which the evidence was presented at trial did not deprive defendant of his right to be confronted by his accusers. At preliminary hearing a complete adversary proceeding was conducted in regard to this witness' testimony. A full cross-examination of the witness was conducted by the same defense counsel that handled defendant's trial. We therefore find this proposition to be without merit.

■ Next, defense counsel contends the Controlled Dangerous Substance Act is unconstitutional as it denies equal protection of the law in denying drug sale offenders probation treatment. This issue was laid to rest in the case of Black v. State, Okl. Cr., 509 P.2d 941 (1973) wherein this Court stated:

"The defendant argues that the section is unconstitutional and that Legislature has exceeded its constitutionally limited powers by invading the judicial domain, that the denial of the possibility of probation constitutes cruel and unusual punishment and violates due process and equal protection of the laws. We are of the opinion that the Legislature properly exercised its power to prohibit suspension of a sentence in a given case as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal."

In light of *Black*, supra, we find this assignment of error to be without merit.

■ Next, defense counsel submits the evidence is not legally sufficient to support the jury's verdict and establish proof beyond a reasonable doubt of defendant's guilt. It is this Court's opinion the evidence is legally sufficient to support the jury's verdict. For a case closely in point see United States v. Pentado, 5 Cir., 463 F.2d 355 at page 362 (1972). For this reason we find this proposition to be without merit.

■ In defense counsel's final proposition, it is asserted this Court should review the punishment assessed by the jury as it is

cruel and unusual. The penalty is not an unlawful penalty and does not shock this Court's conscience. Consequently, there are no grounds for modification of this sentence. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972).

Affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge (concurring in part, and dissenting in part).

I agree that this conviction is sustained by sufficient evidence; and that the defense of entrapment was not established; but, I disagree with the reference to Black v. State, supra, and refer to my dissent to that decision. There is no doubt in my mind that the legislature invaded the judiciary when the legislative act purports to prohibit the suspension of a sentence under the Controlled Dangerous Substance Act. Therefore, I dissent to the reference to Black v. State, supra.