STATE, APPELLANT, *v.* SULLIVAN, RESPONDENT.

CRIMINAL LAW — *Imprisonment for costs.* — Where the statute does not make the costs part of the punishment for the crime of which a defendant is convicted, he cannot be imprisoned for the non-payment of costs in cases originally prosecuted in the District Court, but a judgment for such costs may be enforced as in civil actions.

SAME — *Former acquittal* — *Variance in names* — *Idem sonans.* — The defendant in the case at bar pleaded a former acquittal of the same offense on the ground of a variance between the proof and the indictment, in that the person injured was described in the indictment as John Moys, and the proof showed his true name to be John Maze. *Held,* that as the surnames were not alike in sound or in spelling, and the offense was not described with sufficient certainty in other respects to identify the act, the variance was material, and the former acquittal was therefore not a defense to the second prosecution.

*Appeal from Second Judicial District, Deer Lodge County.*

The defendant was tried before DURFEE, J.

*Henri J. Haskell,* Attorney-General, for the State, Appellant.

The judge of the District Court has authority to dismiss the case and order a *nol. pros.* of the indictment, and to direct a resubmission or re-examination of the charge, and in the mean time detain the defendant in custody for his appearance to answer a new indictment, where: (1) If the defendant is formally acquitted on the ground of a variance between the indictment and the proof; or (2) upon an objection to the form or substance of the indictment, it shall not be deemed an acquittal of the

same offense. (*Commonw.* v. *Farrell*, 105 Mass. 189; *People* v. *Schmidt*, 64 Cal. 263; *People* v. *McNealy*, 17 Cal. 333; *People* v. *Hughes*, 41 Cal. 235; *Swindel* v. *State*, 32 Tex. 102; *Morgan* v. *State*, 34 Tex. 677.) Upon the evidence the defendant was rightly acquitted under the first indictment, because it did not support the averment. The averment was that this defendant attempted to kill and murder one John Moys, while the evidence showed that the person assaulted was one John Maze. Does that verdict protect the defendant under the second indictment? The true criterion by which the question is to be decided is, whether the evidence necessary to support the second indictment would have been sufficient to convict the defendant on the first. (*State* v. *Birmingham*, Busb. 122.) In such cases a former acquittal is no bar to a conviction upon a second indictment. (*State* v. *Revels*, Busb. 200; *Pennsylvania* v. *Huffman*, Addis. 140; *Martha* v. *State*, 26 Ala. 75; *State* v. *McCoy*, 14 N. H. 364; *People* v. *Warren*, 1 Parker, Cr. C. 339; *People* v. *Burns*, 1 Parker, Cr. C. 184; *Commonw.* v. *Wade*, 17 Pick. 390; *Commonw.* v. *Smith*, 2 Va. Cas. 273, 325; *Price* v. *State*, 19 Ohio, 424.) New trial for the same offense for error does not place the defendant twice in jeopardy. (*People* v. *Gilmore*, 4 Cal. 376; *People* v. *March*, 6 Cal. 543; *People* v. *Olwell*, 28 Cal. 456; *People* v. *Baza*, 53 Cal. 690; *People* v. *Hardisson*, 61 Cal. 379; *People* v. *Schmidt*, 64 Cal. 260.) The trial which had already been had was a mistrial, and did not relieve the party from further liability. (*State* v. *Sutton*, 4 Gill, 494; *People* v. *Cochran*, 6 Md. 407.)

The point contended for by the State attorney in this case is, that the court erred in not ordering the prisoner's committal on a judgment under section 368, page 471 of the Compiled Statutes. In a case like this the defendant was not entitled to a discharge on the payment of the whole of the fine (without costs), because the judgment was that he pay the costs as well as the fine. They being inseparable must be paid, and in case of a failure to pay either, or any part of either, imprisonment follows. (§ 369, *supra;* § 370, p. 471, Comp. Stats.; *Ex parte Harrison*, 63 Cal. 301.) The same rule applies to justices of the peace as applies to judges of the District Court, so far as requiring them to commit the defendant to the county jail for

the fine and costs in case of conviction. (§ 508, p. 496, Comp. Stats.) When the law says that the defendant shall be fined and also pay the costs, and that he be committed until they are paid, the costs are included with the fine as a part of the judgment. A failure to order a committal is a failure of justice. In *Albertson* v. *Kriechbaum*, 65 Iowa, 17, Reed, J., says: "The power to tax the costs of the prosecution against the defendant exists independently of the statute in question." (See, also, *State* v. *Darr*, 63 N. C. 517.)

*John F. Forbis*, for Respondent.

Both parties appeal from the decision in this case. Sullivan had been previously indicted for the same offense as charged in the indictment in the present case, but in the former case the indictment charged that the assault was committed upon one John Moys. This appearing to the court, the jury were instructed to acquit Sullivan, and the jury returned a verdict of not guilty. Subsequently another grand jury indicted Sullivan for an assault upon John Maze. Sullivan pleaded former acquittal, and introduced in evidence the records of his former trial and acquittal, which the court refused to admit in evidence. This was error. The fact of the misnomer in the former indictment was immaterial. (§ 189, p. 438, Comp. Stats.) If the error was immaterial, then the former acquittal was conclusive, and Sullivan cannot be indicted again for the same offense. (*People* v. *Hughes*, 41 Cal. 234.) Upon the State's appeal we insist that the court had no authority in law to imprison one for the non-payment of costs. There is no provision of statute providing for such imprisonment unless the statute expressly declares that the imprisonment shall extend to costs as well as the fine. The statute declares that every person convicted of assault shall be fined in a sum not less than five, nor more than fifty dollars. (§ 57, p. 511, Comp. Stats.) The statute does not provide that in such cases the costs shall be added to the fine and the defendant imprisoned until the same is paid. The law provides expressly that there shall be a civil judgment entered against the defendant for costs. (§ 410, p. 479, Comp. Stats.) This section also provides how the costs shall be col-

lected in criminal cases. Before a defendant can be imprisoned upon a judgment for costs, the law must provide in express terms that upon conviction he shall be fined an amount including costs. (*Petty* v. *County Court of San Joaquin County*, 45 Cal. 245.)

HARWOOD, J.—Both parties to this action appeal. The defendant was indicted for an assault upon one John Maze, with intent to commit murder. Upon the trial the jury returned the following verdict: "We, the jury, find against the defendant on his plea of former acquittal, and that he is guilty of a simple assault, and fix his punishment at a fine of fifty dollars," whereupon the court pronounced judgment against the defendant that he "pay the fine of fifty dollars assessed by the jury in the said above cause, and further that he pay the costs of this prosecution."

The record shows that the defendant paid said fine of fifty dollars when the judgment was pronounced, but did not pay the costs of prosecution. The State, by its attorney, then moved the court for an order that defendant be committed to the county jail until said costs were paid. On the hearing of this motion, after argument of counsel for both parties, the court overruled said motion, on the ground, as stated by the court, "that it appears that there is no law to imprison a defendant for the non-payment of costs in such a case; and the defendant was thereupon ordered discharged." To that ruling the State excepted, and by bill of exceptions reserved the question of law involved in said ruling, and the same is assigned by the State in its appeal herein as error.

We will consider this branch of the appeal first.

The section of our statute defining the crime of assault, and providing the punishment therefor (Comp. Stats. Crim. Laws, § 58), is as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another; and every person convicted thereof shall be fined in a sum not less than five nor more than fifty dollars."

The defendant's counsel insists that, inasmuch as the law defining the crime of assault, and providing the punishment therefor, does not include the costs as part of the fine or punish-

ment, the defendant cannot be lawfully imprisoned for non-payment of costs, but that such costs may be enforced as in a civil judgment, as provided by section 410, Criminal Practice Act.

After a careful review and analysis of the various provisions of the statute defining crimes and punishments, and the manner of entering and enforcing judgments for costs in criminal actions, we conclude that the point on the part of the defendant is well taken, and that the order of the court should be sustained in this particular case. We question, however, that it should be so, even in this case, and under the same statute, if the defendant had been convicted of a simple assault in a Justice's Court, or had been convicted in the District Court on appeal from the Justice's Court. It will be observed that the statute governing the practice in criminal cases in the Justice's Court, and in cases appealed from that court to the District Court, provides as follows (§ 508, Crim. Prac. Act): "In all cases of conviction under the provisions of this chapter, the court shall enter his judgment for the fine and costs against the defendant, and may commit him until the judgment is satisfied, as in cases in the District Court." (See, also, §§ 514, 515, 517, Crim. Prac. Act.) These general provisions as to costs are confined to "cases of conviction under the provisions of this chapter," which applies to cases commenced in the Justice's Court. We do not find any such general provision applying to all cases of conviction in the District Court, requiring the costs to be made part of the penalty. It follows that in cases originally commenced in the District Courts, where the statute does not make the costs part of the punishment for the crime of which the party is convicted, there is no provision of statute authorizing imprisonment for non-payment of costs. There is provision, however, for enforcing the judgment for costs as in civil actions. (§ 410, Crim. Prac. Act.)

The statute frequently in defining crimes and punishments provides that persons convicted thereof shall be fined or imprisoned, or both, "with costs of prosecution," or "together with costs of prosecution," as in the cases provided for in sections 65, 147, 148, 179, 262, 265, and others of Criminal Laws Practice Act. In such cases, the costs are made part of the fine or punishment, to be enforced in the same manner as the

fine under the provisions of section 368, Criminal Practice Act. In the case at bar, the crime of which defendant was convicted is not declared by statute punishable by fine and costs, or with costs; hence there is no law authorizing imprisonment in that case for non-payment of costs alone.

We will now proceed to consider and determine the matter assigned as error by the defendant as appellant.

It appears from the defendant's bill of exceptions that the indictment upon which defendant was convicted, as above stated, charged him with the crime of assault upon one "John Maze," with intent to commit murder. On his arraignment, the defendant entered a plea of "not guilty," and of "former acquittal of the offense charged." Upon the trial defendant offered in evidence a former indictment charging him with an assault upon one "John Moys," with intent to commit murder, and with this former indictment defendant offered in evidence the journal of the court showing the trial thereon, and that on such trial defendant, by his counsel, moved the court "to dismiss the action on account of variance between the proof and the charge in the indictment; which, being fully heard and considered by the court, was sustained, whereupon the court instructed the jury to find the defendant not guilty;" that the jury returned its verdict accordingly, and the court further ordered that the defendant be held and admitted to bail in the sum of one thousand dollars, to await the action of the next grand jury. The record further shows that in connection with the evidence so offered by defendant "it was agreed between the counsel for the State and for the defendant that the offense charged in the indictment under which the defendant is now on trial and the former indictment are one and the same offense; that the defendant was acquitted on the former trial for the reason that there was a variance between the proof and the indictment, in this, that in the indictment the party injured was described as 'John Moys,' and the proof shows that the party injured was 'John Maze,' and that on account of such variance the court instructed the jury to acquit the defendant," which evidence and said admissions were offered "for the purpose of showing former acquittal, as set up in the defendant's plea."

Objection was made by the attorney for the State to the

admission of such proffered evidence, "for the reason that the same was irrelevant, immaterial, and did not show a former acquittal, and for the reason that defendant had been formerly acquitted upon a material variance between the indictment and the proof, and that the facts set forth in the proffered proof do not constitute an acquittal." The court sustained this objection, and refused to allow such proffered evidence to be submitted to the jury; to which ruling defendant, by counsel, excepted, and on this appeal assigns such ruling as error.

Counsel for defendant now insists that the misnomer in describing the person assaulted, as alleged in the first indictment, was an immaterial variance, and that if such variance was immaterial, the acquittal on the former indictment is a bar to conviction on the indictment in this action for assault on John Maze.

The statute provides (§ 223, Crim. Prac. Act): "If the defendant is formally acquitted on the ground of a variance between the indictment and the proof, or upon an objection to the form or substance of the indictment, it shall not be deemed an acquittal of the same offense."

It has been held in a great number of cases that where the evidence shows a substantial mistake or misnomer (not merely a slight variation in spelling, where the same sound is preserved) in describing, or attempting to describe in the indictment the party injured, or whose property is injured or stolen, is fatal to the prosecution, and sufficient cause to discharge the prisoner on that prosecution.

Modern decisions seem to be quite unanimous on this general proposition. (*Laynes* v. *State*, 5 Port. 236; *Donnel* v. *United States*, 1 Morris, 141; *Parchman* v. *State*, 2 Tex. App. 228; *Morgan* v. *State*, 34 Tex. 677; *People* v. *Allen*, 61 Cal. 140; *People* v. *Hughes*, 41 Cal. 234; *People* v. *McNealy*, 17 Cal. 333.)

Taking the general proposition above laid down, together with the doctrine of *idem sonans*, we have a reasonable guide by which to determine the question in the case under consideration. Moreover, we have many particular examples to which the courts have applied these general doctrines. "Modern decisions make no distinction between a misnomer of the surname and the Christian name," says Justice Collier in *Laynes* v. *State, supra.*

In the case at bar the trial court held that the difference between the two names involved a material variation, not only in the spelling of the surnames, Moys and Maze, but that these names are not alike in sound, and the variance was material. This ruling is abundantly supported by authorities, and we find no error in it. In this connection counsel for defendant cites section 189, Criminal Practice Act, which provides as follows: "When an offense involves the commission, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material."

An examination of the indictment in the case at bar reveals the fact that the offense is not described with sufficient certainty to identify the act, if the name of the party assaulted be disregarded or deemed immaterial.

Judgment affirmed.

BLAKE, C. J., and DE WITT, J., concur.