STATE, RESPONDENT, *v.* LEE, APPELLANT.

(No. 2,220.)

(Submitted November 6, 1905. Decided November 17, 1905.)

*Criminal Law—Prosecuting Witness—Variance in Name—Idem Sonans.*

1. Defendant was convicted of the crime of robbery. The information stated the name of the injured person as "Frank Rex," whereas his own testimony showed that it was "Frank Röck." There was not any showing that he was named, or had been known as, Frank Rex. *Held,* that, the names being unlike in sound or spelling, and the information having failed to disclose any description which made it at all certain that "John Rex" and "John Röck" were one and the same person, the variance was fatal to conviction.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

MARION LEE was convicted of robbery. He apppeals from the judgment of conviction.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

The pronunciation of the words "Rex," "Rock" and "Roeck" are so similar that they cannot be distinguished except by the most practiced ear. The information complies with all the requirements of section 1834, Penal Code, in that it is direct and certain as to party, offense, circumstances and amount. The evidence is to the effect that Rex, Rock and Roeck are the same person.

The principal reason for requiring the name of the injured party to be stated is to protect the defendant from another prosecution for the same offense. But when all the facts and circumstances surrounding the offense are stated and proven with such particularity and detail as in this case, an error in alleging the name is harmless. (*People* v. *Potter,* 35 Cal. 110.)

*Messrs. Maury & Hogevoll,* for Appellant.

The conviction for the robbery of Frank Rex is not a bar to a prosecution for the robbery of Frank Roeck or Frank Rock, as the name is pronounced in German. The variance was fatal. The verdict was against the instruction, which charged the jury that there must be evidence of robbery of Frank Rex. Rex and Rock are not *idem sonans.* The attentive ear finds no difficulty in distinguishing the two names Rex and Rock. The rule is stronger in criminal cases than in civil. (Bill and Bull, *Bull* v. *Traynham,* 3 Rich. (S. C.) 433; Bolling and Bowling, *Commonwealth* v. *Kearns,* 1 Va. Cas. 109; Brison and Prison, *Pennsylvania* v. *Huffman,* Addis. (Pa.) 141; Bronson and Brunson, *State Bank* v. *Drovers,* 58 Ill. App. 396; Brow and Brown, *Brown* v. *Marqueze,* 30 Tex. 77; Bryan and Bryant, *Weidemier* v. *Bryan,* 21 Tex. 428; Cobb and Cobbs, *Jacobs* v. *State,* 61 Ala. 448; Cousin and Cozen, *Marriol* v. *Mascol,* Anderson Rep. 212; Carney Griffie and Carney

Griffien, *State* v. *Griffie,* 118 Mo. 188, 23 S. W. 878; Humphrey
and Humphreys, *Humphrey* v. *Whitten,* 17 Ala. 30; Jeffery and
Jeffries, *Marshal* v. *Jeffries,* Hempst. Rep. 299; Mathews and
Mather, *Robson* v. *Thomas,* 53 Mo. 582; Nellie Ragley and Nellie
Ragslie, *Mindex* v. *State* (Tex. Cr. App.), 38 S. W. 995; Red-
mond and Redman, *Pecham* v. *Stewart,* 97 Cal. 147, 31 Pac. 928;
Rodgers and Řodger, *McDonald* v. *Rodger,* 9 Grant Ch. 75.)

MR. JUSTICE MILBURN delivered the opinion of the
court.

This case is before us on appeal from a judgment of con-
viction for the crime of robbery. The defendant was informed
against by the county attorney in and for the county of Silver
Bow, being charged with having committed the crime of rob-
bery in that he did willfully, etc., take certain moneys from the
possession and person of one Frank Rex, etc. The testimony of
the prosecuting witness clearly showed that his name was Frank
Röck. There is not one word of testimony showing or tending
to show that the injured person was named, or had been known
as, Frank Rex. The point was made and preserved below that
there was a fatal variance. This point is now before us for
decision.

Section 1838 of our Penal Code is as follows: "When an
offense involves the commission of, or attempt to commit, a
private injury, and is described with sufficient certainty in other
respects to identify the act, an erroneous allegation as to the
person injured, or intended to be injured, is not material."
In *State* v. *Sullivan,* 9 Mont. 490, 24 Pac. 23, a like section,
189, of the Criminal Practice Act (Comp. Stats. 1887) was
considered by this court. The defendant in that case pleaded
a former acquittal of the same offense. The person injured
was described in the indictment as "John Maze." In a former
indictment, upon which he had been acquitted, the person said
to have been by him injured was named as "John Moys."
The court held that as the surnames were not alike in sound
or in spelling, and the offense was not described with sufficient

certainty in other respects to identify the act, the variance was material, and the former acquittal was not a defense to the second prosecution.

We do not find any description in the information which tends to make it sufficiently certain, or at all certain, that John Rex and John Röck are one and the same person. The names are not of the same sound. In the light of what is said in the case of *State* v. *Sullivan*, and for the reason above stated, we find the court was in error. The variance was fatal to conviction. The judgment must be and is reversed and the cause is remanded for a new trial. It is not necessary to consider the other points raised in the briefs.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

