KENNETH HARVEY HICKS, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 5986

January 27, 1970        464 P.2d 462

[Rehearing denied February 25, 1970]

*James D. Santini,* Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Alan R. Jones,* Chief Criminal Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Batjer, J.:

Appellant was charged with the murder of Glenn E. Christiernsson. After an extensive preliminary examination the

charge was dismissed because the state had failed to prove the corpus delicti and had also failed to prove that Christiernsson's death was caused by the criminal agency of the appellant.

Thereafter, the state filed a petition in the district court for leave to file an information against the appellant under NRS 173.035(2),[1] attaching to the petition the transcript of the testimony taken at the preliminary examination. Also attached to the petition was an affidavit of a Ronald Elton King, who had been a cellmate of the appellant in the Clark County jail. The affidavit of King alleged that the appellant, while in jail, had admitted to him, the killing of Christiernsson. There was also attached to the petition an affidavit of a deputy district attorney which recited that the appellant had been discharged after preliminary examination, but alleged that the testimony adduced was sufficient compliance with NRS 173.035(2), and that it contained sufficient facts to justify the issuance of an information against the appellant.

The district court granted leave to file the information; the appellant was rearrested and then applied for a writ of habeas corpus which was denied by the district court.

This appeal is taken from the order denying the writ of habeas corpus. We reverse the order of the district court.

Counsel for both the state and the appellant urge this court to determine this appeal on the question of the state's compliance or noncompliance with the provisions of NRS 173.035(2), as well as the question of its constitutionality.

We do not reach either the question of the degree of compliance necessary to enable the state to take advantage of that statute nor the question of its constitutionality.

The only question before us is whether the facts laid before the district court, prior to the filing of the information, established a corpus delicti and probable cause to believe that the appellant committed the crime as charged.

---

[1] NRS 173.035(2): "If, however, upon the preliminary examination the accused has been discharged, or the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process shall forthwith issue thereon. The affidavit mentioned herein need not be filed in cases where the defendant has waived a preliminary examination, or upon such preliminary examination has been bound over to appear at the court having jurisdiction."

The record of the preliminary examination is absolutely devoid of proof of the corpus delicti to support the filing of an information charging the crime of murder. The appellant was properly discharged by the justice of the peace on the evidence presented at that hearing.

Except in the affidavit of King, we find no testimony or other evidence about the cause of death of Christiernsson. All that we find relating to his death is testimony that his body was found on December 6, 1967, in the desert; that it was identified by a military service identification tag and a thumb print, and that the body was partially clothed. There is absolutely no evidence before either the justice's court or the district court that a criminal agency of the appellant or anyone else was responsible for the alleged victim's death.

The affidavit of the appellant's fellow prisoner to the effect that the appellant admitted to him that he had murdered the victim, does not supply the proof necessary to show that death was caused by criminal means. Only after the corpus delicti has been proved by lawful evidence may confessions and admissions be considered in establishing probable cause to show that the accused was the criminal agency causing the death. Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968). In re Kelly, 28 Nev. 491, 83 P. 223 (1905). In *Kelly,* supra, this court said: ". . . It is not requisite, however, that the crime charged be conclusively established by evidence independent of the confession or admission. It is sufficient if there be other competent evidence tending to establish the fact of the commission of the crime." Here there is absolutely no evidence independent of the appellant's purported admission.

The testimony at the preliminary examination establishing that the deceased and the appellant were seen together shortly before the deceased's disappearance on or about October 9, 1967, as well as testimony concerning the appellant's behavior prior to arrest, and the fact that he was driving Christiernsson's car at the time of his arrest would only have been material to show probable cause that the appellant was guilty of the crime of murder if the corpus delicti of that crime had been established.

In Azbill v. State, supra, we held: "If, in considering all the evidence admissible upon the element of corpus delicti, it cannot be said there was sufficient evidence to make it appear the death resulted from another's criminal agency the state has failed in its burden and the person charged may not be held to stand trial on that charge."

At the very least there must be established, independent of any confession or admission by the accused, the fact of death and that it resulted from the criminal agency of another and not from natural causes, accident or suicide. Sefton v. State, 72 Nev. 106, 295 P.2d 385 (1956).

In his affidavit, King swore that the appellant told him that he beat Christiernsson to death and then stabbed him to make sure he was dead. If King is telling the truth there surely must have been some evidence on the body of the decedent showing bruises, contusions, abrasions, wounds or fractures.

Neither the justice of the peace, the district court judge, who ordered the information to be filed pursuant to NRS 173.-035(2), the district court judge who denied habeas corpus, nor this court "may speculate that a criminal agency caused the death. There must be sufficient proof of the hypothesis of death by criminal means." Azbill v. State, supra.

The evidence before the district court is insufficient to show probable cause of the corpus delicti of the crime of murder. Accordingly we reverse the order of the district court, and order that the appellant be freed from custody under the information charging murder unless within a reasonable time the state elects to bring a new charge against him for that crime.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.