WILLIE CLIFTON HOOKER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6987

March 8, 1973        506 P.2d 1262

*Heaton & Spizzirri,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Ordered to stand trial for the murder (NRS 200.010) of his wife, appellant sought pre-trial habeas relief in the district

court. Appealing from an order denying that relief, his sole contention is that the evidence introduced before the magistrate was insufficient to establish probable cause. We agree.

The transcript of the preliminary examination discloses: (1) the accused was present in the home at the time the gunshot wound was inflicted. It does not indicate whether anyone else was present. (2) That there was a partially loaded .32 calibre revolver, with one spent cartridge, on a hassock near the bathroom door. It does not indicate whether the hassock was inside or outside the bathroom. (3) That the body of the victim was "slouched" against the tub and a wall in the bathroom. It does not indicate where the body was located in relation to the bathroom door or the hassock, where the revolver was found. (4) That a woman's purse, hairpiece or wig and a pair of shoes were scattered on the living room floor. It does not indicate the ownership of these items. (5) That when a police officer arrived at the residence the accused met him at the entrance and said "hurry, I think I shot my wife." It was stipulated that the cause of death was a gunshot wound. Without more, the magistrate and the district judge erroneously concluded that there was probable cause to believe that an offense had been committed and that there was probable cause to believe the accused to have committed it.

There is no evidence in this record to show that the victim was killed by a bullet from the revolver found on the hassock. The record is silent on the calibre of the bullet the pathologist removed from the body of the victim. Ownership of the revolver was not shown. It is not shown if there were fingerprints on the revolver, or if a ballistic test was made, or if paraffin tests were made, or if there were powder burns on the victim. Although exhibits were before the magistrate, some of which were admitted in evidence, none accompanied the record to this court. Except for the spontaneous statement of the accused and statements in the briefs we find nothing to indicate the identity of the victim.

The death of a human being may be brought about by any one of four means: (1) natural causes; (2) accident; (3) suicide; or (4) criminal means.

In establishing the corpus delicti of murder two elements must be established (1) the fact of death; and (2) the criminal agency of another responsible for that death. Beasley v. Lamb, 79 Nev. 78, 80, 378 P.2d 524 (1963).

If a criminal complaint is filed charging a person with the death of another and a preliminary hearing is held, (1) probable cause to believe that a crime has been committed; and (2) probable cause to believe that the person charged committed it must be proved by sufficient legal evidence. NRS 171.206.

Here the fact of death is conceded by both parties. However, the appellant contends that evidence is totally lacking to establish that the death was caused by the criminal agency of another. The State's own witness testified that the gunshot wound could have been self inflicted. The only connection, established by the prosecutor, between the accused and the alleged homicide is the appellant's spontaneous statement. Even if we were to assume such statement to be incriminating, standing alone, it does not meet the test. There must be "sufficient evidence to establish the corpus delicti *independent of* confessions and possible *admissions, . . .*" Azbill v. State, 84 Nev. 345, 351, 440 P.2d 1014, 1018 (1968); Hicks v. Sheriff, 86 Nev. 67, 464 P.2d 462 (1970).

Once the corpus delicti is determined to have been proved by sufficient evidence, confessions and admissions may be considered in establishing probable cause to show that it was the particular defendant charged who was the criminal agency causing the death. In re Kelly, 28 Nev. 491, 83 P. 223 (1905). Here there is no evidence independent of the appellant's spontaneous declaration to indicate that the criminal agency of another was responsible for the death.

Proof of the corpus delicti could have been established by direct evidence, People v. Watters, 259 P. 442 (Cal. 1927); partially by direct and partially by circumstantial evidence or totally by circumstantial evidence. State v. Ah Chuey, 14 Nev. 79 (1879); State v. Loveless, 17 Nev. 424, 30 P. 1080 (1883); People v. Clark 233 P. 980 (Cal.App. 1925); Hartman v. State, 206 S.W.2d 380 (Tenn. 1947); People v. Scott, 1 Cal.Rptr. 600 (Cal.App. 1959). None of these avenues were utilized by the state. The evidence before the magistrate is insufficient to establish probable cause of the corpus delicti of murder.

Accordingly we reverse the order of the lower court, and

order that appellant be freed from custody unless within a reasonable time the state elects to bring a new charge.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.