600 P.2d 839
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Reynaldo VALLEJOS, Defendant-Appellant.**

No. 3915.

Court of Appeals of New Mexico.

July 17, 1979.

Paquin M. Terrazas, Terrazas & Dorr, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was charged with murder, convicted of voluntary manslaughter and appeals. We affirm.

Two questions were raised in this appeal:

(1) Did the trial court err in denying defendant's motion to dismiss the criminal information when no evidence was presented at the preliminary hearing on the cause of death of deceased?

(2) Did the district court have jurisdiction to properly try defendant because of lack of such evidence or remand the case for a proper preliminary examination?

### A. Facts and Ruling at Preliminary Hearing.

Defendant and deceased were involved in a traffic accident. Deceased stopped and defendant pulled up behind him. Both parties got out of their cars and exchanged verbal abuse. Defendant was armed with a gun and deceased with a knife. Defendant told deceased to get back in his car and deceased complied. Deceased started to drive off and defendant reached in and shot deceased. Blood was coming from his mouth. Deceased continued to drive away and three blocks later, while driving, lost consciousness. His wife, a passenger drove deceased to the hospital.

During his hospital stay, deceased was seen walking around, and, at one point in time, actually left the hospital naked and delirious. Deceased remained in the hospital two weeks before he died.

At the conclusion of the hearing, the Magistrate said:

[T]here was a life taken; there was an incident and this court's only charged with probable cause. And I find that a crime has been committed and the defendant is the most likely suspect. So I will bind him over on a charge of murder.

### B. Probable Cause to Believe Defendant Committed the Crime was Established.

██ Defendant claims that at the preliminary hearing the State was "required to prove the corpus delicti of murder by showing the fact of death and that death resulted from the criminal agency of another and not from natural causes, accident or suicide." Hicks v. Sheriff, Clark County, 86 Nev. 67, 464 P.2d 462 (1970); Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968); Sefton v. State, 72 Nev. 106, 295 P.2d 385 (1956).

██ Defendant's attorney misread these cases. The rule stated is applicable in the trial of a case. Sefton, supra. In the preliminary hearing before a magistrate, two things must be proved: "(1) the fact that a crime has been committed; and (2) probable cause to believe that the person charged committed it." Azbill, supra, 440 P.2d at 1017; Hicks, supra.

This is the rule in New Mexico.

Rule 15(c) of the Rules of Criminal Procedure for the Magistrate Courts reads in pertinent part:

. . . If the court finds that there is probable cause to believe that the defendant committed an offense not within magistrate court trial jurisdiction, it shall bind the defendant over for trial. . .

Rule 16(c) provides in pertinent part:

. . . The showing of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished.

██ Defendant's argument is misplaced. It is not based upon "probable cause to

believe," but upon the State's failure to prove that decedent died of the gunshot wound.

Prior to the adoption of the new magistrate court rules, the Supreme Court held that the test at the preliminary hearing was not whether guilt is established beyond a reasonable doubt, but whether there is that degree of evidence to bring within reasonable probabilities the fact that a crime was committed by the accused. *State v. Garcia*, 79 N.M. 367, 443 P.2d 860 (1968). The State is only required to produce evidence sufficient to establish reasonable grounds for the Magistrate's exercise of judgment. *State v. Selgado*, 78 N.M. 165, 429 P.2d 363 (1967).

 The Magistrate had probable cause to believe defendant committed the crime of murder.

### C. *The District Court had Jurisdiction.*

After the information was filed in district court, defendant filed two motions to dismiss: (1) that at the preliminary hearing the State failed to show any probable cause as to the death of decedent, and (2) there was no evidence of the cause of death of the victim at the preliminary hearing.

Defendant submits that the trial court should have abated the information and remanded defendant back to the magistrate court for a proper preliminary hearing; that because there was no proof of the cause of death, defendant's constitutional rights were violated and the trial court lacked jurisdiction over the charge in the information. Reference is made to *State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964) and *State v. Vasquez*, 80 N.M. 586, 458 P.2d 838 (Ct.App.1969).

Having failed to argue the issues raised, we find it unnecessary to show the inapplicability of *Vaughn* and *Vasquez.*

There was a proper preliminary hearing and bind-over, and jurisdiction rested in the district court. No good cause for remand was shown.

The brief filed shows that defendant had no basis for appeal. It appears to be a delay of six months. Appeals of this nature should be avoided. "No man shall take advantage of his own wrong."

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

ANDREWS, J., specially concurring.

ANDREWS, Judge (specially concurring).

I agree with the result reached in the majority opinion, but consider the inclusion of Rule 16(c) of the Rules of Criminal Procedure for Magistrate Courts relating to cases within magistrate trial jurisdiction, to be irrelevant and confusing. *State v. Selgado*, 78 N.M. 165, 429 P.2d 393 (1967), is ample authority for the proposition that a preliminary examination, the State is only required to produce evidence sufficient to establish reasonable ground for the magistrate's exercise of judgment.