SHERIFF, CLARK COUNTY, NEVADA, APPELLANT,
*v.* DENNIS L. LARSGAARD, RESPONDENT.

No. 12349

June 4, 1980                                          611 P.2d 625

[Rehearing denied September 25, 1980]

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Joel M. Cooper,* Deputy District Attorney, Clark County, for Appellant.

*Denton & Denton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After the grand jury indicted the respondent for murder, respondent petitioned the district court for a writ of habeas corpus. The petition was granted on the ground that the state failed to establish the corpus delicti of the crime and thus there existed no probable cause to hold the accused for trial.

According to the testimony and evidence presented to the grand jury, Allen Simmons disappeared from Boulder City about November 13, 1975. He was not seen or heard from again. His mother, brothers, and several acquaintances testified that he usually kept in close contact with them and that such a disappearance was extremely unusual for Simmons.

A forensic pathologist testified that he examined about thirty bone fragments of a human skull which were found in the

desert near Boulder City and that the bones exhibited three bullet holes. However, the pathologist could not definitely state the cause of death. A police detective testified that a shoe was found close to the bone fragments. This shoe was identified by Simmons' brothers and acquaintances as a shoe similar to one which Simmons was known to have worn.

The grand jury was also presented with the testimony of a police officer to whom respondent made incriminating statements. These statements indicated that respondent and an accomplice shot and killed Simmons in the desert near Boulder City. The statements of an accomplice were also presented to the grand jury. The state concedes that the statements of the accomplice were inadmissible.

In order to hold an accused for trial there must be probable cause to believe that a crime has been committed and that the accused has committed it. Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968). In determining whether a crime has been committed two elements, i.e., the corpus delicti, must be established. The two elements of the corpus delicti of murder are (1) the fact of death, and (2) a criminal agency of another responsible for that death. Hicks v. Sheriff, 86 Nev. 67, 464 P.2d 462 (1970); Azbill v. State, *supra.* Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963). *See generally* W. LaFave and A. Scott, Handbook on Criminal Law § 4 (1972). Once the corpus delicti is determined to have been proved by lawful evidence, confessions and admissions may be considered in establishing whether it was the accused who was the criminal agency causing the death. Azbill v. State, *supra; see* In re Kelly, 28 Nev. 491, 83 P. 223 (1905). Proof of the corpus delicti may be made totally by direct evidence, partially by direct and partially by circumstantial evidence or totally by circumstantial evidence. *See* Azbill v. State, *supra.*

The issue before this court is whether the evidence presented to the grand jury was sufficient to establish the corpus delicti of murder. Respondent does not challenge the sufficiency of the evidence as to his agency if the corpus delicti has been sufficiently established.

The evidence of the corpus delicti, excluding the confessions and admissions, adduced at the hearing before the grand jury consisted of the following: the bone fragments which exhibited

three bullet holes, a shoe which was found near the bone fragments and which was identified as a shoe similar to one belonging to Simmons, and the testimony of Simmons' friends and relatives concerning his strange disappearance. Although the pathologist testified that he could not definitely state whether the actual cause of death resulted from the bullet wounds or whether the bullet holes were placed in the body after death, the evidence presented to the grand jury was more susceptible of belief that the death was caused by a criminal agency. *Cf.* Azbill v. State, *supra,* (insufficient proof of death by criminal means); Hicks v. Sheriff, *supra,* (accused's confession that death occurred by beating not corroborated by evidence as to the condition of victim's body).

We find that the evidence of the corpus delicti and the statements of appellant are sufficient to support a reasonable inference that a crime was committed and that appellant committed it. Accordingly, the district court's order granting respondent's petition for a writ of habeas corpus is reversed.