WILBERT WINDHAM MYATT, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 15776

December 20, 1985                                710 P.2d 720

*Peter L. Flangas,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *A. D. Demetras,* District Attorney, *Michael Golden,* Deputy District Attorney, and *James C. Martin,* Deputy District Attorney, Tonopah, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant of one count each of conspiracy to commit murder and solicitation to commit murder. The facts in this case are not in dispute. On December 9, 1981, appellant met with Eric Svenson, who, unbeknownst to appellant, was an informant for the police. The meeting took place at appellant's residence in Nye County. Svenson carried a concealed transmitter and the conversation which ensued was recorded and admitted into evidence at appellant's trial. Appellant told Svenson that a group of doctors in Las Vegas had been swindled by a person, not then named, and they wanted the individual killed. Appellant asked Svenson if he would do the killing, and Svenson agreed to do it.

Later on that day, appellant and Svenson met again. Svenson again carried a concealed transmitter. Svenson agreed to kill the individual for $2,000.00. Appellant gave Svenson a paper bag, on which were written a name, address and Las Vegas telephone number. The bag contained a paper napkin with some dates written on it, and a photograph of an individual named Paul Mold, the intended target.

The following day, appellant and Svenson met for the last time

at Svenson's hotel room. At this meeting, Svenson was informed that Paul Mold carried a belt buckle derringer, went to a health spa every morning and had two reservations to fly to Switzerland on the 18th and 25th of December. Appellant gave Svenson $1,000.00 as advance payment for the killing, and Svenson promised to go to Las Vegas that night. Appellant was arrested when he left the hotel.

Appellant argues on appeal that the evidence presented at his trial was insufficient to support his conviction for conspiracy because the only evidence of conspiracy consisted of the uncorroborated statements of the accused.[1] We agree. A conspiracy is an agreement between two or more persons for an unlawful purpose. *See* Sheriff v. Blasko, 98 Nev. 327, 647 P.2d 371 (1982). Svenson was a feigned accomplice; he therefore could not be a co-conspirator. Johnson v. Sheriff, 91 Nev. 161, 532 P.2d 1037 (1975). Thus, in order to prove the alleged conspiracy, it was necessary to show that appellant entered into an agreement with at least one person other than Svenson concerning the killing of Paul Mold.

It is well settled in Nevada that there must be sufficient evidence to establish the *corpus delicti* independent of a defendant's own confessions and admissions. Hooker v. Sheriff, 89 Nev. 89, 506 P.2d 1262 (1973). "[T]he corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti [but must] tend to establish the trustworthiness of the statement . . . and provide substantial independent evidence that the offense has been committed." United States v. Todd, 657 F.2d 212, 216 (8th Cir. 1981), quoting Opper v. United States, 348 U.S. 84 (1954) and Smith v. United States, 348 U.S. 147 (1954). Accordingly, to sustain a conviction of conspiracy there must be *independent* proof of an agreement among two or more persons. United States v. Todd, at 216.

The appellant's own statements establish an agreement between himself and the doctors who, appellant indicated, desired to have Mold killed. The state has failed, however, to present any evidence independent of the statements of the accused, corroborating the existence of an illegal agreement. The state suggests that the fact that appellant possessed a photograph of Mold, the intended target, as well as information concerning Mold's habits and vacation plans, constituted independent evidence that a third

[1]Appellant also contends that this evidence was insufficient to prove that a conspiracy was committed in Nye County, as charged in the information. We have not considered this issue, however, because we have determined that appellant's conviction for conspiracy must be reversed on other grounds.

party must have been involved with appellant in a plot to kill Mold. The record does not reveal, however, that appellant obtained any of this information about Mold from a third party. Moreover, even if appellant did obtain information about Mold from another source, the information could plausibly have been delivered to him by an innocent third party, rather than by someone conspiring with him. Nor can we conclude, as the state submits we should, that appellant's apparent lack of a personal motive for killing Mold creates a reasonable inference that an agreement must have been reached with a third party.

The state also relies on the testimony of a handwriting expert that appellant was not necessarily the drafter of the address written on the paper bag supplied by appellant to Svenson.[2] During the course of a defense motion concerning the lack of independent evidence, the district judge commented in reference to the handwriting expert's testimony:

> [T]hat's the only thing I think I can take this on is that would be the only evidence in the entire record that indicates that others participated in this offense . . . but the only . . . independent evidence of it is that the handwriting expert neither included or excluded others or the defendant.

We cannot agree with the district judge, however, that the expert's mere conclusion that the address could have been drafted by somebody other than appellant constituted substantial independent evidence that the requisite agreement existed.

We have therefore concluded that the prosecution failed in its burden to prove the existence of a conspiracy through independent evidence. Indeed, the district judge all but agreed with the conclusion of this court, when he gave an advisory instruction to the jury pursuant to NRS 175.381,[3] and when he commented in response to a renewed motion by the defense to dismiss the conspiracy count:

> I might point out this is the first time I think I have given [an advisory instruction] but I think it is the first time it has

---

[2]The handwriting expert testified in regard to the address on the paper bag: "I'm inconclusive [sic] as to whether the particular individual who was investigated [appellant] was the person responsible. He may have been the writer, somebody else may have been the writer." The handwriting expert also testified that it was "probable" that appellant drafted Paul Mold's name on the paper bag, and the writing on the napkin in the bag.

[3]NRS 175.381 provides that "[i]f, at any time after the evidence on either side is closed, the court deems the evidence insufficient to warrant a conviction, it may advise the jury to acquit the defendant, but the jury is not bound by such advice."

been requested where I felt that it was probably justified because of the fact that the—it's very, very skimpy but I'm going to leave it in for the reason that the law—I'm not taking it out of the hands of the jury. . . .

Where, as here, the evidence is not sufficient to justify a rational jury in finding guilt beyond a reasonable doubt, a jury's verdict will not be upheld on appeal. *See* Woodall v. State, 97 Nev. 235, 627 P.2d 402 (1981); Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980); *see also* Jackson v. Virginia, 443 U.S. 307 (1979). Appellant's conviction for conspiracy must therefore be reversed.

Appellant has raised no meritorious challenge to his conviction for solicitation to commit murder. Accordingly, we hereby affirm that conviction. For the reasons set forth above, appellant's conviction for conspiracy to commit murder is reversed.[4]

---

[4]THE HONORABLE JOHN C. MOWBRAY voluntarily disqualified himself from participating in this case.