STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, *v.* MICHELLE H. McLEOD, Respondent.

No. 20304

December 7, 1990 801 P.2d 1390

*Brian McKay,* Attorney General, Carson City, *Grenville T. Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

_____

*Goodman, Stein & Chesnoff* and *Eckley M. Keach,* Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

On March 8, 1988, at approximately 5:50 a.m., Officer Timothy Hagen of the Las Vegas Metropolitan Police Department was dispatched to the Suburban Lounge to investigate an accident. When Hagen arrived at the lounge, he found respondent, Michelle McLeod, sitting in her car. Medical personnel were attending to her. When Officer Hagen asked what happened, McLeod responded that she had been driving northbound on a street just up the road from the lounge when she came to a stop sign. She noticed a woman on the corner putting a letter into a mailbox. McLeod stated that she then made a right turn on to Spring Mountain Drive and struck the rear of a vehicle parked in a no-parking zone. The woman who had been dropping off the mail told McLeod that it was her car, but that she could not wait for the police to arrive. The woman wrote down her name and

address for McLeod before leaving. While talking to McLeod, Officer Hagen noticed that she had an odor of alcohol on her breath and her eyes were bloodshot. McLeod stated that she had had one drink.

After McLeod was transported to the hospital, Officer Hagen conducted a horizontal gaze nystagmus test on her. Following the test, Officer Hagen believed that McLeod was intoxicated, and he therefore informed McLeod of her responsibility to submit to an evidentiary test. McLeod agreed to submit to a blood test which revealed a blood alcohol level of 0.16 percent. Consequently, the Department of Motor Vehicles and Public Safety (DMV) revoked McLeod's driving privileges.

Upon McLeod's request, an administrative hearing was held on May 10, 1988. During Officer Hagen's testimony, he recounted the statements McLeod had made to him at the lounge. The DMV hearing officer upheld the revocation of McLeod's driving privileges. The hearing officer concluded that Officer Hagen had reasonable grounds to believe that McLeod was driving under the influence of intoxicating liquor and that her blood alcohol level was over 0.10 percent.

McLeod then petitioned the district court for judicial review. On June 28, 1989, the district court issued an order reversing the revocation of McLeod's driving privileges. The court stated that McLeod's statements to Officer Hagen should not have been admitted at the hearing, because Officer Hagen had not given McLeod *Miranda*[1] warnings before questioning her. The court also stated that the hearing officer's decision violated the *corpus delicti* rule. The court further concluded that Officer Hagen should not have required McLeod to submit to an evidentiary test, because he had not had reasonable grounds to believe that she was intoxicated. *See* NRS 484.383(1) (a driver is deemed to consent to a test when administered by a police officer having reasonable grounds to believe that the person to be tested was driving while under the influence). Finally, the district court held that there was not substantial evidence that McLeod had been driving while under the influence of intoxicating liquor.

We first conclude that the district court erred in ruling that the lack of *Miranda* warnings made McLeod's statements to Officer Hagen inadmissible. This case is a civil license revocation proceeding, not a criminal prosecution. In Yohey v. State, Dep't Motor Vehicles, 103 Nev. 584, 587, 747 P.2d 238, 240 (1987), this court noted that "[t]he objective of administrative revocation

---

[1]*See* Miranda v. Arizona, 384 U.S. 436 (1966).

of a driver's license under NRS 483.460 is not to impose additional punishment but to protect the unsuspecting public from irresponsible drivers." Consequently, McLeod's statements made without the *Miranda* warnings were admissible in the DMV proceedings. Further, *Miranda* warnings are not necessary before reasonable questioning and administration of field sobriety tests at a normal traffic stop. Dixon v. State, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987).

We further conclude that the district court erred in ruling that the *corpus delicti* rule had been violated. The district court's order stated that McLeod's own admission was the only evidence that she had been driving. The court stated that this was a violation of the *corpus delicti* rule.

We note, however, that the *corpus delicti* rule requires that the *corpus delicti* of a crime be established before the admissions of a defendant may be considered in deciding whether the defendant committed the crime. *See* Sheriff v. Larsgaard, 96 Nev. 486, 488, 611 P.2d 625, 626 (1980). Because this case is a civil proceeding, no crime has been charged. Accordingly, the *corpus delicti* rule does not apply. *See* Ballard v. State, Motor Vehicle Division, 595 P.2d 1302, 1305 (Utah 1979).

We next conclude that the district court erred in ruling that Officer Hagen did not have reasonable grounds to believe that McLeod was driving under the influence. The district court noted that McLeod had a head injury when Officer Hagen administered the horizontal gaze nystagmus test. Officer Hagen admitted at the hearing that a head injury can affect the results of the horizontal gaze nystagmus test. Thus, the district court found that the results of the test were unreliable and could not serve as grounds for requiring McLeod to submit to an evidentiary test.

We note, however, that Officer Hagen also testified that he noticed that McLeod had an odor of alcohol on her breath and that her eyes were bloodshot. These indications of intoxication were adequate grounds for Officer Hagen to have required McLeod to submit to an evidentiary test.

Finally, we conclude that substantial evidence otherwise supports the decision of the hearing officer. Officer Hagen found McLeod sitting behind the wheel of her vehicle with an injury. She admitted to having driven and having been in an accident nearby. Officer Hagen noticed that her eyes were bloodshot and her breath smelled of alcohol. Her blood alcohol level was 0.16

percent. These facts constitute substantial evidence to sustain the revocation. Neither this court nor the district court may substitute its judgment for that of the administrative agency as to the weight of the evidence on questions of fact. State, Dep't Mtr. Veh. v. Jenkins, 99 Nev. 460, 462, 663 P.2d 1186, 1188 (1983).

Accordingly, we reverse the order of the district court, and remand for further proceedings consistent with this opinion.