*959 OPINION
By the Court,
Steffen, C. J.:
Appellant Las Vegas Metropolitan Police Department (Metro) terminated respondent, Metro Officer Richard Berni (Berni), for misconduct involving two suspected prostitutes. Respondent Civil Service Board of the Las Vegas Metropolitan Police Department (Board) upheld Berni’s discharge on three different occasions, each of which was appealed to the district court and thereafter remanded to the Board for further review. Finally, the district court found that termination constituted excessive punishment and ordered the Board to impose a lesser punishment as circumscribed by the court. Resigned to its inability to sustain Officer Berni’s termination, the Board imposed the punishment fixed by the district court, thus prompting Metro to seek relief in this court.

FACTS

During his duty shift, Officer Berni accosted two suspected *960 prostitutes and advised them of techniques for avoiding- vice investigators. Later that afternoon, while still on duty, Berni entered the women’s motel room with their permission and proceeded to secure background information on each woman. During the visit, however, Officer Berni began browsing through pornographic magazines that he discovered during a cursory search of the motel room. In addition, Berni admitted to sliding his hand down one woman’s pantyhose and fondling her vagina. Upon leaving, Berni told the women that he would come back after his shift to retrieve a “collector’s edition” of a pornographic magazine.
After Berni’s visit, the two women cooperated with other Metro officers in a sting operation in exchange for a promise of “a lot of money.” Berni returned to the motel room and the scantily clothed women at the end of his shift. The women helped Berni remove his clothes and then signaled police officers waiting outside to join them. Upon entering the room, the officers found a naked Officer Berni attempting to hide behind the door.
Metro subsequently terminated Berni, and the officer appealed to the Board. The Board sustained the following charges against him: (1) giving assistance to suspects; (2) neglect of duty; (3) conduct unbecoming an employee; and (4) consorting with persons of ill repute. A fifth charge, failure to maintain communications, was rejected by the Board on the basis of insufficient evidence. The Board concluded that the four meritorious charges against Berni justified his termination.
In petitioning the district court for relief, Berni’s counsel successfully limited the hearsay evidence that could be considered by the Board. Eventually, the district court limited and specified the punishment the Board could impose on Berni.
The first petition to the district court resulted in a determination that the Board improperly considered the transcripts of interviews with the two suspected prostitutes. Both women left Las Vegas soon after the incident and were unavailable to testify at the hearing before the Board. The district court also questioned the evidence supporting two of the four charges (giving assistance to suspects and neglect of duty) against Berni. The district court reasoned that because the women had no criminal history, Berni’s actions could not necessarily be viewed as giving assistance to suspects.
The district court also reasoned that a momentary perusal of pornographic magazines and the touching of a woman’s buttocks at her request did not necessarily rise to the level of neglect of duty. Finally, the district court instructed the Board not to consider the hearsay evidence available against Berni in reaching its decision. On remand, the Board specifically noted that it was *961 sustaining all four charges without reference to the transcripts, and based on the same facts, the Board reaffirmed its initial decision to terminate Berni.
In ruling on a subsequent petition, the district court determined that the Board had not overcome the district court’s initial reservations concerning the lack of evidence supporting the charges of giving assistance to suspects and neglect of duty. In its order of remand, the district court restricted the Board’s consideration solely to the charges of conduct unbecoming an employee and consorting with persons of ill repute. The Board thereafter determined that the remaining two charges were meritorious and sufficient to justify Metro’s decision to terminate Berni.
In a final review, the district court again reversed the Board’s decision and ordered the Board to reinstate Berni with back pay and benefits, and to limit any punishment imposed on Berni to no more than 240 hours of suspension. In its decision, the district court analyzed various disciplinary measures imposed on other officers for similar misconduct, and concluded that Berni’s conduct was less egregious than the conduct of another recently disciplined officer who was reinstated with back pay and benefits and suspended for only 240 hours. The latter officer had called in sick, improperly obtained a key to Metro’s undercover narcotics apartment, and invited his girlfriend, with whom he had had sexual relations, up to the apartment.
On remand, the Board members, after expressing frustration over their inability to exercise the powers conferred upon them in reviewing Berni’s termination, followed the district court’s instruction. Metro promptly appealed.

DISCUSSION

Metro contends on appeal that the district court abused its discretion in (1) finding that substantial evidence did not support the first two charges, (2) finding that the Board grossly abused its discretion in upholding Berni’s termination on the latter two charges, and (3) limiting the discretion of the Board in determining Berni’s punishment.
When reviewing an administrative agency’s decision, this court’s function is the same as that of the district court, which is to determine whether in light of the evidence presented, the agency acted arbitrarily and capriciously, thereby abusing its discretion. Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582 (1980).
We conclude that the district court manifestly abused its discre *962 tion in finding that the Board acted arbitrarily and capriciously in determining that Berni was guilty of the charge of neglect of duty. Berni admitted to giving suspected[1] prostitutes information on how to avoid vice detection. He also admitted to perusing pornographic magazines with these women and to fondling one woman’s vagina during his first visit to the motel room. At the time, Berni was on duty.
Indeed, even if we were to assume that the district court somehow correctly divined that Berni only momentarily perused the magazines and briefly touched one of the women on the buttocks at her request, the Board still reasonably could have found that such conduct amounted to neglect of duty by a police officer during his duty shift. Consequently, we conclude that the district court abused its discretion in substituting its view of the evidence for that of the Board, in finding that the Board acted arbitrarily, and in directing the Board not to consider the charge of neglect of duty.
The Board also correctly found that Berni violated the rule against giving assistance to suspects. Berni admitted to getting the two women to admit that they were prostitutes, and then to advising them to take certain specified measures in order to avoid arrest.[2]
We also conclude that the district court abused its discretion in finding that the Board “grossly abused its discretion” in sustain *963 ing Berni’s termination by Metro and in limiting the punishment the Board could impose. First, Civil Service Rule 970 provides:
An employee’s appointment may be terminated by dismissal for “cause” or “misconduct” in accordance with Rules 510.2 [which includes “Conduct Unbecoming an Employee”] and 510.3 of these rules. Termination under this rule shall not require the giving of any notice.
Pursuant to this rule and otherwise, the Board properly considered termination as an appropriate punishment for Berni’s misconduct, even if it had been properly limited to considering Berni’s behavior with respect to the charges conduct unbecoming an employee and consorting with persons of ill repute.[3]
Second, the record does not support the conclusion that the Board acted without regard for disciplinary measures imposed for comparable conduct. Berni’s conduct is discernibly worse than that of the officer who received only 240 hours of suspension for a frolic with his girlfriend. Finally, in response to Berni’s complaints that the Board capriciously referred to his lack of remorse, we note that it is not necessarily arbitrary to refer to a perceived lack of remorse. The record indicates that Berni apologized for his actions before the Board on at least one occasion. Nevertheless, it is not unreasonable for the Board to have perceived Berni’s excuses and the blame he attributed to other police officers as indications of a lack of remorse.
“Neither this court nor the district court may substitute its judgment for that of the administrative agency as to the weight of *964 the evidence on questions of fact.” State, Dep’t of Mtr. Vehicles v. McLeod, 106 Nev. 852, 856, 801 P.2d 1390, 1392 (1990). The Board’s determination regarding punishment, being closely related to its evaluation of the evidence, is entitled to deference. See SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). We conclude that the Board’s decision to sustain Metro’s termination of Berni was manifestly supported by substantial evidence, and consequently, that the district court’s substitution of its judgment for that of the Board constituted a clear abuse of the district court’s discretion.
We have carefully considered the other issues raised and have concluded that they are either without merit or need not be addressed given our disposition of this appeal.

CONCLUSION

For the reasons stated above, we reverse the order of the district court and remand this matter to the district court with instructions to reinstate the Board’s original decision sustaining Metro’s termination of Berni.
Young, Shearing and Rose, JJ., concur.

Although we describe the women as “suspected” prostitutes, during questioning, Berni indicated that he got them to admit during his initial encounter with them that they were prostitutes.

In the first remand to the Board, the district court, then Senior Justice E. M. Gunderson presiding, noted that in disallowing the hearsay evidence concerning the charges of neglect of duty and giving assistance to suspects, “[i]t may be that, in some way, somehow this Court has overlooked legitimate inferences that the Board has gleaned from the record to justify the two aforementioned determinations.” In the initial ruling concerning the referenced charges, the district court did not advert to Berni’s statement to investigating officers which was unquestionably admissible under NRS 51.035(3)(a). Berni admitted to the officers that he provided the women advice on how to “avoid going to jail,” by counselling them to carry identification and money, but not to carry condoms. He also told them about locales least likely to attract the attention of vice officers and the type of apparel to wear. Later, in the women’s motel room, he was recorded telling them they could avoid the vice cops by turning their tricks during the day rather than at night. Berni’s own admissions, as referred to above, clearly constituted a violation of Metro Department Rule 4/102.6 (“Members shall not communicate in any manner, directly or indirectly, any information which may delay arrest or enable persons guilty of criminal acts to escape arrest or punishment”).

It is manifestly clear that Berni admitted to consorting with persons of ill repute when, after being found naked with the two women in their motel room, he told investigating officers that during the time of his first confrontation with the women, “I got them to finally, you know, they basically admitted to me that they were prostitutes.” This admission is further supported by Berni’s instructions to them on how to avoid incarceration. Berni also perused pornographic magazines with the women and sexually fondled one of them. Berni admitted to further sexual activity with the two women at the end of his shift. Although Berni contended that he only returned to the room to secure one of the magazines (a fact to be doubted from his state of nakedness alone), the two women secretly recorded Berni advising them that they could avoid the vice cops by turning tricks during the day instead of at night. He also discussed sexual fantasies with the women.
For the reasons stated, we conclude that the Board was well within its jurisdiction in finding that all four charges were substantially supported by the evidence. It is therefore unnecessary to address whether Judge Bon-giovanni erred in disregarding Senior Justice Gunderson’s prior ruling that the third and fourth charges (conduct unbecoming an employee and consorting with persons of ill repute) were clearly and convincingly proved and would have, alone, supported Metro’s termination of Berni had the Board so determined.